David RIGGALL, Appellant,

v.

The STATE of Texas, Appellee.

No. 57985.

Court of Criminal Appeals of Texas,
Panel No. 1.

March 28, 1979.

On Rehearing Dec. 5, 1979.

Donald L. Davis, Hereford, for appellant.

Andy Shuval, former Dist. Atty., Ronald Saul, Dist. Atty., Hereford, and Robert Huttash, State's Atty., Austin, for the State.

Before DOUGLAS, PHILLIPS and W. C. DAVIS, JJ.

## OPINION

W. C. DAVIS, Judge.

Appeal is taken following a plea of guilty to a charge of theft, where punishment was assessed pursuant to a plea bargain agreement at six years confinement. This appeal is limited to pre-trial matters raised by written motion. Article 44.02, V.A.C.C.P.

In September of 1976, appellant was an inmate at the New Mexico State Penitentiary. In that same month, the State filed a detainer warrant on appellant, charging him with theft. Beginning in March of 1977, appellant communicated in writing to the State his desire to have counsel appointed and his demand for a speedy trial. In an order dated April 8, 1977, the trial court granted appellant's speedy trial motion but failed to appoint counsel. This same order directs a return of appellant by May 1, 1977, to stand trial on the theft charge. There followed involved and confusing communications between appellant and the State, resulting in a six-month delay in getting appellant before the court and appointing counsel.[1] During this period of delay, appellant filed written motions to dismiss for failure to prosecute.[2]

Supporting his claim, appellant directs our attention to Article 28.01, V.A.C.C.P., which, in pertinent part, reads:

" . . . the defendant must be present at the arraignment, and his presence is required during any pre-trial proceeding."

Appellant urges that this procedure was violated when neither appellant nor an attorney for appellant participated in the hearing that resulted in the order overruling appellant's motion to dismiss dated May 25, 1977.

■ The record does not reflect a hearing was had on appellant's motion to dismiss. However, Article 28.01 does not speak to hearings alone but mandates the appearance of a defendant at "any pre-trial proceedings." We must determine if this order of May 25th is a proceeding under Article 28.01.

The order overrules appellant's motion to dismiss and recites that the cause "came on to be heard" on May 25. The order itself contains four paragraphs which are labeled by the trial court as findings of fact and conclusions of law. These recitations indicate there was at least some proceeding from which the trial court made its conclusions; therefore, the order of May 25 is a proceeding under Article 28.01. Clearly, appellant or his appointed counsel should have been present. *Ex parte LeMay*, 525 S.W.2d 1 (Tex.Cr.App.1975); Article 28.01, V.A.C.C.P.

The State does not discuss the failure of the trial court to appoint counsel or have appellant present on May 25. Rather, the State seems to suggest that the error, if any, was harmless because the appellant finally got his trial.

Such a harmless error argument was approved in *Cleveland v. State*, 573 S.W.2d 33 (1978). In *Cleveland*, the appellant was not present when certain written, pre-trial motions were considered. However, appellant's attorney was present and we held that in an absence of a showing of harm, there was no reversible error. *Accord, Mares v. State*, Tex.Cr.App., 571 S.W.2d 303 (1978).

Appellant's situation is factually distinguishable. The proceeding on May 25th was completely ex parte.[3] The appellant was incarcerated in New Mexico and no attorney had been appointed. Such proceedings come squarely under Article 28.01, V.A.C.C.P., and harm need not be shown.

1. The record reflects two written requests for the appointment of counsel and the completion of two forums indicating a desire that counsel be appointed during the six-month period.

2. These pro se motions are a part of this record and are the basis of our review under Article 44.02, V.A.C.C.P.

3. The record indicates that the trial court may have been misinformed by this ex parte proceeding and thus reached an improper conclusion. The records reflect the following:

April 20 The warden of the New Mexico Penitentiary informed the State by letter that in order for appellant to be released, the State should forward form V of the "Agreement on Detainers."

May 25 The trial court proceeded without appellant or his attorney present and concluded that the reason the appellant had not been tried was "because of his own cause."

July 11 The State encloses form V and VII in a letter to the warden in New Mexico.

These facts indicate that the State contributed to the six-month delay and would have supported appellant's motion to dismiss.

Under the facts in appellant's case, he had an absolute right to be present or to be represented by counsel.

█ The absence of appellant or his appointed counsel at the pre-trial proceedings of May 25 denied appellant the opportunity to support his motion to dismiss and controvert any facts presented by the State. We hold that the consideration, ex parte, of appellant's motion to dismiss violated the provisions of Article 28.01, V.A.C.C.P.

The judgment is reversed and remanded.

DOUGLAS, J., dissents.

PHILLIPS, J., concurs in results.

Before the court en banc.

## MOTION FOR REHEARING

ODOM, Judge.

Appellant was convicted of theft on his plea of guilty and punishment was assessed at six years.

On original submission the conviction was reversed because the trial court considered and denied his pre-trial motion to dismiss for denial of a speedy trial in an ex parte proceeding, which violated the requirement of Art. 28.01, V.A.C.C.P., that the defendant be present "during any pre-trial proceedings," and also violated his right to counsel.

█ By motion for rehearing the State presents two arguments to affirm this conviction. First, it argues that appellant's guilty plea should constitute a waiver of the right to speedy trial, i. e., of the matter urged in the pre-trial motion that was denied ex parte. As appellant points out in his response to the State's motion, Article 44.02, V.A.C.C.P., expressly permits an appeal after a guilty plea from a matter raised by a pre-trial motion. In *Ferguson v. State,* 571 S.W.2d 908, we held that the amendment to Art. 44.02, supra, abolished the rule that a valid guilty plea waives all non-jurisdictional defects in cases where there is a plea bargain and punishment is assessed within the terms of the agreed recommendation. Appellant's guilty plea did not waive his pre-trial motion to dismiss for denial of a speedy trial.

█ The other argument presented in the State's motion for rehearing points out that after appellant's motion was overruled in the ex parte proceeding, counsel was appointed for appellant and the record is silent as to whether the motion was ever reurged. Apparently the State contends this was a waiver. We cannot infer a waiver of counsel from a silent record:

"[A]n accused may waive his right to counsel if such waiver is made voluntarily with knowledge of the consequences thereof. *Faretta v. California,* 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975); *Barbour v. State,* 551 S.W.2d 371; *Thomas v. State,* 550 S.W.2d 64. To assure protection of so fundamental a right, courts indulge every reasonable presumption against waiver of counsel. *Johnson v. Zerbst,* 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938); *Barbour v. State,* supra; *Thomas v. State,* supra. To this extent, this court has held that the record must clearly show that the accused voluntarily, knowingly and intelligently waived his right to counsel in order to assert his right to represent himself. *Thomas v. State,* supra; *Webb v. State,* 533 S.W.2d 780." *Jordan v. State,* 571 S.W.2d 883.

We remain convinced that appellant's rights were violated in both respects stated on original submission. We will nevertheless reconsider that decision to the extent that it ordered a reversal of appellant's conviction.

In *Trevino v. State,* 565 S.W.2d 938, we were confronted with a situation in which the defendant had been denied his right to counsel at the hearing on his motion for new trial. It was held that the appropriate relief was not to reverse the conviction, but, instead, to return the case for a second hearing on the motion at which the defendant would be afforded his right to counsel. It was emphasized in *Trevino* that this was possible because a motion for new trial is heard after the conviction and is actually a part of the review process. While that fact

would distinguish *Trevino* from the instant case, in which the right to counsel was denied at a proceeding *before* trial, a more recent case suggests that a second hearing at this date would be sufficient even though the error accompanied a pre-trial hearing.

In *Brandon v. State,* Tex.Cr.App. (No. 59348, 1979), it was held that the defendant was denied due process and a fair hearing on his pre-trial hearing to determine competency to stand trial. The relief ordered, however, did not require invalidation of the subsequent trial and reversal of the conviction. Instead, the cause was remanded with directions that the trial court empanel a jury to make a retrospective determination of the defendant's competency. He was to be granted a new trial if the jury found him incompetent; if he were found competent, an appeal would be allowed to review only the competency proceedings.

■ For purposes of determining the appropriate relief in this case, which likewise presents reversible error at a pre-trial proceeding, we conclude that *Trevino v. State* and *Brandon v. State,* supra, support modification of the relief ordered by our decision on original submission. Accordingly, we abate this appeal and remand this case for a hearing on appellant's motion to dismiss for denial of a speedy trial. A record of that hearing shall be prepared in the manner required by Art. 40.09, V.A.C.C.P. and transmitted to this Court for further disposition.

It is so ordered.

DOUGLAS, Judge, dissenting.

On a plea of guilty, appellant was convicted of theft over the value of $200 and less than the value of $10,000. The majority overrules the State's motion for rehearing. More of the facts will be set out.

On April 1, 1977, appellant was indicted in Deaf Smith County. On April 8, 1977, the judge of the District Court of Deaf Smith County ordered the sheriff to transport appellant from the New Mexico State Penitentiary to Deaf Smith County jail no later than May 1, 1977 and that the cause be set down number one on the next jury docket.

The district attorney was informed by a latter from the warden of the New Mexico penitentiary that Riggall could not be returned until the interstate compact on detainers was complied with.

The State made attempts to return Riggall to Deaf Smith County for trial. As reflected by the correspondence in the records, on the 13th of May, 1977, appellant filed a motion to dismiss the prosecution because he had been denied a speedy trial.

On May 25, 1977, the judge entered an order denying the dismissal of the prosecution and found (1) that the prosecution stood ready since September, 1976, and stands ready, to try the defendant at the earliest opportunity; (2) the reason there has not been a trial is that defendant had failed to sign a waiver of extradition and the proper papers for extradition from New Mexico; (3) that the only reason defendant had not been tried as of this date was of his own doing; (4) that should the defendant wish to be tried, he must complete the necessary papers from New Mexico authorities and send them to the receiving agency in Deaf Smith County, then the sheriff of Deaf Smith County or his agent will pick up the defendant immediately and will set him down for the next jury docket.

The clerk of Deaf Smith County filed a letter from Riggall, dated July 1, 1977, which is as follows:

"I am at this time advising the Honorable Court of my intent to withdraw my consent to and my application for speedy trial in your court, cause No. DC-2800. I have also notified the District Attorney and the Warden here of my intent.

Sincerely,

/s/  James Riggall

23597"

August 29, 1977, the court ordered an attorney appointed for Riggall.

On October 5, 1977, the attorney asked to withdraw from the case and on the same date another attorney was appointed.

On October 28, 1977, appellant signed a document approved by his attorney and the district attorney and the judge entitled "Waiver of Rights and Plea of Guilty" where he recited that he had been advised of his rights (1) to remain silent and not testify against himself, (2) to employ a lawyer, (3) to demand a jury trial, (4) to notice for two days before the time for arraignment, and (5) to have ten (10) days to prepare for trial; that he waived his rights without coercion or duress and entered the plea of guilty as charged and asked the court to assess the punishment.

After this case was tried, the Legislature passed the Speedy Trial Act, Article 32A.02, Section 3, V.A.C.C.P., which provides, in part:

"[F]ailure of a defendant to move for discharge under the provision of this Article prior to trial *or the entry of a plea of guilty constitutes a waiver of the rights accorded this article.*" (Emphasis supplied)

It provides that the entry of a plea of guilty constitutes a waiver of his rights. The reasoning of the Legislature in enacting the statute should apply in this case.

Appellant entered a plea of guilty in accordance with the plea bargaining agreement in an effort to receive a lesser punishment. He could have entered a plea of not guilty and had a full-fledged trial.

If the court had not denied the motion to dismiss the prosecution, appellant would have been in the same position as he was when he filed the motion. No harm has been shown. In either event, he was not denied a speedy trial.

No reversible error is shown; the judgment should be affirmed.

DALLY, Judge, dissenting.

If the Court considered the pretrial motion for speedy trial out of the appellant's presence, no "matter" as contemplated by Art. 44.02, V.A.C.C.P. was "raised." When the appellant entered a plea of guilty without renewing his motion for speedy trial he waived that issue. The State's motion for

rehearing should be granted and the judgment should be affirmed.

ONION, P. J., and TOM G. DAVIS, J., join in this opinion.