Javier Rodolfo RAMIREZ, Appellant,

v.

The STATE of Texas, Appellee.

No. 62760.

Court of Criminal Appeals of Texas, Panel No. 1.

Dec. 12, 1979.

Kitty Schild, El Paso, for appellant.

Steve W. Simmons, Dist. Atty., and Lane C. Reedman, Asst. Dist. Atty., El Paso, Robert Huttash, State's Atty., Austin, for the State.

Before ONION, P. J., and DOUGLAS and W. C. DAVIS, JJ.

OPINION

DOUGLAS, Judge.

This is an appeal from a conviction for burglary. The court assessed punishment at five years, probated.

Ramirez was arrested on July 1, 1977 for burglary. The case was originally set for trial on October 3, 1977, but there was no trial at that time. The State filed affidavits announcing ready on June 30, 1978 and on July 3, 1978. The provisions of the Texas Speedy Trial Act, Article 32A.02, V.A.C. C.P., became effective July 1, 1978. See *Wade v. State,* 572 S.W.2d 533 (Tex.Cr.App.

1978). On July 3, 1978, the State filed its announcement of ready. The trial was set again for January 9, 1979, at which time Ramirez filed a motion to dismiss for lack of a speedy trial claiming that 535 days had passed since his indictment. The motion was overruled and Ramirez then pled guilty.

Ramirez has waived his rights under the Act. Article 32A.02, Section 3, V.A.C.C.P., provides:

"The failure of a defendant to move for discharge under the provisions of this article prior to trial *or the entry of a plea of guilty* constitutes a waiver of the rights accorded by this article." (Emphasis supplied)

Nothing is presented for review. The judgment is affirmed.