Carlos LUNA, Appellant,

v.

The STATE of Texas, Appellee.

No. 61862.

Court of Criminal Appeals of Texas,
En Banc.

June 18, 1980.

W. Stephen Hernsberger, court appointed on appeal, El Paso, for appellant.

Steve W. Simmons, Dist. Atty., and Leo B. Garcia, Asst. Dist. Atty., El Paso, Robert Huttash, State's Atty., Austin, for the State.

## STATE'S MOTION FOR REHEARING

W. C. DAVIS, Judge.

Our prior opinion is withdrawn. On November 21, 1979, the judgment in this case was reversed, and the prosecution ordered dismissed for failure by the State to comply with Section 1 of Article 32A.02, Vernon's Ann.C.C.P.

The appellant was arrested on July 25, 1978. On December 8, 1978, the appellant entered a plea of guilty to the offense of voluntary manslaughter. As we have recently held, a plea of guilty constitutes a waiver of rights afforded under the Speedy Trial Act. *Ramirez v. State,* 590 S.W.2d 509 (Tex.Cr.App.1979).

Accordingly, we find that the appellant waived his rights under the Speedy Trial Act.

The State's Motion for Rehearing is granted. The judgment is affirmed.

CLINTON, Judge, dissenting.

*Ramirez v. State,* 590 S.W.2d 509 (Tex.Cr. App.1979) did not undergo scrutiny by the full Court; wrongly decided. The majority errs in following it, especially since neither the *Ramirez* panel nor the majority here appear to have made any effort whatsoever to examine the grammatical construction of the single sentence and its antecedents.

Article 32A.02, § 3, V.A.C.C.P., provides:

"The failure of a defendant to move for discharge under the provisions of this article prior to trial or the entry of a plea of guilty constitutes a waiver of the rights accorded by this article."

Manifestly, the subject of this sentence is the phrase "the failure of a defendant to move for discharge;" the verb is "constitutes." The phrase "prior to trial or the entry of a plea of guilty" is adverbial in nature; that is, it modifies the infinitive "to move" by expressing the relationship of time for the "move" to be made. Thus, if the defendant fails to move for discharge before trial *or* before entry of a plea of guilty, he has waived rights under the act.

The American Bar Association Project on Minimum Standards for Criminal Justice (Approved Draft, 1968), as they relate to

speedy trial, provides in Part IV, § 4.1, in pertinent part:

" . . . . Failure of the defendant or his counsel to move for discharge prior to trial or entry of a plea of guilty should constitute waiver of the right to speedy trial."

The Commentary explains:

"Speedy trial is a personal right of the defendant, and thus is deemed waived if not properly asserted. The requirement that the defendant *move for dismissal prior to trial or plea of guilty*[1] apparently is the view now taken in all states. Annot., 57 A.L.R. 302, 336, 343 (1958)."[2]

Drawing from Approved Draft, supra, and emulating it wholesale, the Federal Speedy Trial Act, 18 U.S.C. § 3161 et seq., contains a section on sanctions, § 3162(a)(2) of which provides *inter alia* :

" . . . Failure of the defendant to move for dismissal prior to trial or entry of a plea of guilty or nolo contendere shall constitute a waiver of the right to dismissal under this section."

Explaining the provision, the House Report on the bill which was passed after the Senate substituted for its bill the text of the House Bill, 1974 U.S. Code Cong. and Adm. News, p. 7401, stated, first at 7416:

" . . . A defendant must move to dismiss the case prior to trial, entry of a plea of guilty or *nolo contendere*, or he waives the right of dismissal with prejudice on grounds that the requirements of this legislation were not met (Section 3162(b))." (Italics in original)

and later at 7429:

" . . . A defendant must move to dismiss the case on grounds that his Sixth Amendment right to speedy trial has been denied under the provisions of this legislation prior to trial or entry of plea of guilty or *nolo contendere*, or he waives the right." (Italics in original)

Grammatically and genealogically, therefore, the forced construction imposed by *Ramirez*, and the majority here is wide the mark. Manifestly taken from the Approved Draft, and tracking the Federal Speedy Trial Act, the waiver provision in Article 32A.02, § 3, supra, requires a motion for discharge to be made before trial or before plea of guilty.

To the erroneous and counterproductive interpretations suggested by the majority in reliance on *Ramirez*, I respectfully dissent.[3]

ONION, P. J., and ROBERTS and PHILLIPS, JJ., join.

---

1. All emphasis is supplied throughout by the writer of this opinion unless otherwise indicated.

2. Under the heading, "Effect of plea of guilty," it is stated:

"Defendant's plea of guilty made *without raising the question* of the denial of a speedy trial constitutes a valid and binding waiver of the right thereto."

3. The construction irrationally adopted by the majority will surely put Article 32A.02, § 3, supra, at war with Article 44.02, V.A.C.C.P. as interpreted and applied by the recent En Banc opinion in *Riggal v. State*, 590 S.W.2d 460, 462 (Tex.Cr.App.1979): " . . . Article 44.02, V.A.C.C.P., expressly *permits an appeal after a guilty plea from a matter raised by a pre-trial motion.* * * * Appellant's guilty plea did not waive his pre-trial motion to dismiss for denial of a speedy trial." For the Court, this is not one of its finest hours.