**Vincente FLORES, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 62968.

Court of Criminal Appeals of Texas, En Banc.

June 18, 1980.

Rehearing Denied Nov. 5, 1980.

M. Mark Lesher, Texarkana, for appellant.

Louis J. Raffaelli, Criminal Dist. Atty., and Dennis Jones, Asst. Criminal Dist. Atty., Texarkana, Robert Huttash, State's Atty., Austin, for the State.

OPINION

DOUGLAS, Judge.

This is an appeal from a conviction for murder. Punishment was assessed by the court at thirty years.

Flores, in two grounds of error, contends that the trial court should have dismissed his indictment because the State failed to announce ready within the time limits of Article 32A.02, V.A.C.C.P. It is not necessary for us to reach this issue, however. Flores pled guilty to the indictment.

In *Ramirez v. State*, 590 S.W.2d 509 (Tex. Cr.App.1979), we held that a plea of guilty waives all rights granted by the Speedy Trial Act, Article 32A.02, Section 3, supra, which provides:

"The failure of a defendant to move for discharge under the provisions of this article prior to trial or the entry of a plea of guilty constitutes a waiver of the rights accorded by this article."

In a supplemental brief, appellant contends that, because he raised in a pretrial written motion the issue of the lack of a speedy trial and because he received the trial court's permission to appeal, he did not waive his rights under the Speedy Trial Act. See Article 44.02, V.A.C.C.P. Article 44.02, supra, however, merely sets forth the conditions that must be satisfied before the Court of Criminal Appeals can assume jurisdiction of a case following a guilty plea. See *Ferguson v. State*, 571 S.W.2d 508 (Tex. Cr.App.1978). This statute does not create any new rights under the Speedy Trial Act. Flores' contentions are overruled.

The judgment is affirmed.

PHILLIPS, Judge, dissenting.

I dissent to the overruling of appellant's first two grounds of error for the reasons expressed by Judge Clinton in his dissents in this case and in *Luna v. State*, 602 S.W.2d 267 (No. 61,862, this day decided). The majority's reading of § 3 of the Speedy Trial Act is patently absurd, and I can only conclude that this case represents a further attempt on the part of the majority to judicially repeal the statute.

I write, however, chiefly to point out that the majority opinion's treatment of appellant's supplemental contentions directly conflicts with an *en banc* opinion by this Court that was written scarcely six months ago. For some reason the majority does not take note of this case, although appellant expressly relied on it in his supplemental brief.

In *Riggal v. State*, 590 S.W.2d 460 (1979, Opinion on State's Motion for Rehearing), Judge Odom wrote as follows:

By motion for rehearing the State presents two arguments to affirm this conviction. First, it argues that appellant's guilty plea should constitute a waiver of the right to speedy trial, i.e., of the matter urged in the pre–trial motion that was denied ex parte. As appellant points out in his response to the State's motion, Article 44.02, V.A.C.C.P., expressly permits an appeal after a guilty plea from a matter raised by a pre–trial motion. In *Ferguson v. State*, 571 S.W.2d 908, we held that the amendment to Art. 44.02, supra, abolished the rule that a valid guilty plea waives all non–jurisdictional defects in cases where there is a plea bargain and punishment is assessed within the terms of the agreed recommendation. *Appellant's guilty plea did not waive his pre–trial motion to dismiss for denial of a speedy trial.* [emphasis added]

I fail to see how *Riggal* can be viewed as anything but wholly inconsistent with the present majority opinion. Only Judge Douglas, the author of the present majority opinion, registered a dissent in *Riggal* on the ground that a guilty plea waived the defendant's rights under the terms of the Speedy Trial Act. I suggest that *Riggal* is good law and ought to be followed. In the event that the new–found majority disagrees, however, I suggest that under the principle of *stare decisis* Judge Odom's opinion in *Riggal* is controlling and requires us to reach the same result in this case, unless and until it is overruled.

I dissent.

ONION, P. J., and ROBERTS, J., join.

CLINTON, Judge, dissenting.

*Ramirez v. State*, 590 S.W.2d 509 (Tex.Cr. App.1979), a panel opinion which did not undergo scrutiny by the full Court, was wrongly decided. The majority errs in following it, especially since neither the *Ramirez* panel nor the majority here appear to have made any effort whatsoever to exam-

ine the grammatical construction of the single sentence and its antecedents.

Article 32A.02, § 3, V.A.C.C.P., provides:

"The failure of a defendant to move for discharge under the provisions of this article prior to trial or entry of a plea of guilty constitutes a waiver of the rights accorded by this article."

Manifestly, the subject of this sentence is the phrase "the failure of a defendant to move for discharge;" the verb is "constitutes." The phrase "prior to trial or the entry of a plea of guilty" is adverbial in nature; that is, it modifies the infinitive "to move" by expressing the relationship of time for the "move" to be made. Thus, if the defendant fails to move for discharge before trial *or* before entry of a plea of guilty, he has waived rights under the act.

The American Bar Association Project on Minimum Standards for Criminal Justice (Approved Draft, 1968), as they relate to speedy trial, provides in Part IV, § 4.1, in pertinent part:

".... Failure of the defendant or his counsel to move for discharge prior to trial or entry of a plea of guilty should constitute waiver of the right to speedy trial."

The Commentary explains:

"Speedy trial is a personal right of the defendant, and thus is deemed waived if not properly asserted. The requirement that the defendant *move for dismissal prior to trial or plea of guilty*[1] apparently is the view now taken in all states. Annot., 57 A.L.R. 302, 336, 343 (1958)."[2]

Drawing from Approved Draft, supra, and emulating it wholesale, the Federal Speedy Trial Act, 18 U.S.C. § 3161 et seq., *contains a section on sanctions*, § 3162(a)(2) of which provides *inter alia* :

"... Failure of the defendant to move for dismissal prior to trial or entry of a plea of guilty or nolo contendere shall constitute a waiver of the right to dismissal under this section."

Explaining the provision, the House Report on the bill which was passed after the Senate substituted for its bill the text of the House bill, 1974 U.S. Code Cong. and Adm. News, p. 7401, stated, first at 7416:

"... A defendant must move to dismiss the case prior to trial, entry of plea of guilty or *nolo contendere*, or he waives the right of dismissal with prejudice on grounds that the requirements of this legislation were not met (Section 3162(b) )." (Italics in original)

and later at 7429:

"... A defendant must move to dismiss the case on grounds that his Sixth Amendment right to speedy trial has been denied under the provisions of this legislation prior to trial or entry of plea of guilty or *nolo contendere*, or he waives the right." (Italics in original)

Grammatically and genealogically, therefore, the forced construction imposed by *Ramirez* and the majority here is wide the mark. Manifestly taken from the Approved Draft, and tracking the Federal Speedy Trial Act, the waiver provision in Article 32A.02, § 3, supra, requires a motion for discharge to be made before trial or before plea of guilty.

To the erroneous and counterproductive interpretations suggested by the majority in reliance on *Ramirez*,[3] I respectfully dissent.

ONION, P. J., and ROBERTS, J., join.

---

1. All emphasis is supplied throughout by the writer of this opinion unless otherwise indicated.

2. Under the heading, "Effect of plea of guilty," it is stated:
   "Defendant's plea of guilty made *without raising the question* of the denial of a speedy trial constitutes a valid and binding waiver of the right thereto."

3. The construction irrationally adopted by the majority will surely put Article 32A.02, § 3, supra, at war with Article 44.02, V.A.C.C.P. as interpreted and applied by the recent En Banc opinion in *Riggal v. State*, 590 S.W.2d 460, 463

(Tex.Cr.App.1979): "... Article 44.02, V.A.C.C.P., expressly permits an appeal after a guilty plea from a matter raised by a pre–trial motion. * * * * Appellant's guilty plea did not waive

his pre–trial motion to dismiss for denial of a speedy trial." For the Court, this is not one of its finest hours.