Daniel Rodriquez VELASQUEZ,
Appellant,

v.

The STATE of Texas, Appellee.

No. 65005.

Court of Criminal Appeals of Texas,
Panel No. 1.

Nov. 26, 1980.

Keith Jones, Amarillo, for appellant.

John H. Tull, Jr., County Atty. and John L. Owen, Asst. County Atty., Amarillo, Robert Huttash, State's Atty., Austin, for the State.

Before ONION, P. J., and PHILLIPS and CLINTON, JJ.

## OPINION

ONION, Presiding Judge.

This is an appeal from a conviction for driving while intoxicated a motor vehicle upon a public highway. The punishment was assessed by the court at thirty (30) days in the county jail and a fine of $200.00.

The sole contention on appeal is that the trial court erred in denying his pre–trial motion to set aside the information for failure to provide him a speedy trial in accordance with the provisions of Article 32A.02. V.A.C.C.P.

We need not detail the events upon which the appellant bases his claim that he was deprived a speedy trial. On February 25, 1980, the appellant, after the overruling of the pre–trial motion, entered a plea of guilty before the court and was assessed punishment as noted above. Notice of appeal was timely given.

Only recently the majority of this court sitting en banc has decided that under the provisions of the Speedy Trial Act (Article 32A.02, supra), a defendant, when he enters a guilty plea, waives his right for appeal on the basis of a violation of the Act. *Luna v. State*, 602 S.W.2d 267 (Tex.Cr.App. 1980); *Flores v. State*, 606 S.W.2d 859 (Tex. Cr.App.1980). See also *Ramirez v. State*, 590 S.W.2d 509 (Tex.Cr.App.1979).

Further, it has long been a basic rule that when an accused entered a guilty plea, voluntarily and understandingly made, all non–jurisdictional defects are waived including claims of a lack of due process. *Runo v. State*, 556 S.W.2d 808, 810 (Tex.Cr. App.1977), and cases there cited; see *McKelvey v. State*, 570 S.W.2d 951 (Tex.Cr. App.1978).

Whatever argument that might be made that Article 44.02, V.A.C.C.P., as amended, abolished or altered the above basic rule in cases where there is a plea bargain and punishment is assessed within the terms of the agreed recommendation, and that the decisions of *Riggall v. State*, 590 S.W.2d 460 (Tex.Cr.App.1979) (Opinion on State's Motion for Rehearing); *Ferguson v. State*, 571

S.W.2d 908 (Tex.Cr.App.1978); and *Isam v. State*, 582 S.W.2d 441 (Tex.Cr.App.1979), under said statute permitting appeal of a pre–trial motion for denial of a speedy trial despite a plea bargain and the assessment of punishment within the terms of the agreed recommendation are in conflict with *Luna*, etc., need not be considered. We find no evidence in the appellate record there was a plea bargain so as to invoke Article 44.02, supra. See and compare *Cleveland v. State*, 588 S.W.2d 942 (Tex.Cr.App.1979); *Prochaska v. State*, 587 S.W.2d 726 (Tex.Cr. App.1979).

It appears that *Luna* and the basic rule above control. The judgment is affirmed.