Douglas Richard WOOTEN, Appellant,

v.

The STATE of Texas, Appellee.

No. 66155.

Court of Criminal Appeals of Texas,
Panel No. 3.

Feb. 25, 1981.

Rehearing Denied March 18, 1981.

Carl H. Green and Jeanette Robison, El Paso, for appellant.

Steve W. Simmons, Dist. Atty. and R. Bradford Stiles, Asst. Dist. Atty., El Paso, Robert Huttash, State's Atty., Austin, for the State.

Before ROBERTS and ODOM, JJ., and KEITH, Commissioner.

## OPINION

ROBERTS, Judge.

The appellant pleaded guilty, and judicially confessed, to a charge of robbery. The court assessed a punishment of seven years' confinement. The appellant sets forth two grounds of error. One is that the indictment should have been set aside because the State was not ready for trial within the time specified by V.A.C C.P. Article 32A.02, Section 1. The other, alternative ground is that the trial court erred in accepting a plea of guilty that was made in reliance on an agreement that the first ground could be appealed. We must overrule the first ground of error, but in so doing we shall discover a history that ineluctably leads us to sustain the second ground.

Before 1977, it long had been held that a valid plea of guilty waived all non-jurisdictional defects. See *Hoskins v. State*, 425 S.W.2d 825, 829–830 (Tex.Cr.App.1968). A corollary to this holding was the rule, announced in *Chavarria v. State*, 425 S.W.2d 822 (Tex.Cr.App.1968), that it was error to accept a "conditional plea"; that is, a plea of nolo contendere or guilty entered with the understanding that the defendant could appeal the pre-trial rulings. *Accord, Kilpper v. State*, 491 S.W.2d 117 (Tex.Cr.App. 1973); *Utsman v. State*, 485 S.W.2d 573, 575 (Tex.Cr.App.1972) (dictum); *Allen v. State*, 474 S.W.2d 480 (Tex.Cr.App.1971); *Killebrew v. State*, 464 S.W.2d 838 (Tex.Cr.App.

1971) (reversed on this ground even though not raised by appellant).

■ In 1977 the Legislature created an exception to this rule against conditional pleas by adding to V.A.C.C.P. Article 44.02 a provision that,

"before the defendant who has been convicted upon either his plea of guilty or plea of nolo contendere before the court and the court, upon the election of the defendant, assesses punishment and the punishment does not exceed the punishment recommended by the prosecutor and agreed to by the defendant and his attorney may prosecute his appeal, he must have permission of the trial court, except on those matters which have been raised by written motion filed prior to trial."

A defendant who has agreed to plead guilty is authorized by this amendment to enter his plea without waiving a wide range of legal questions that can be raised by written motion filed before trial. *Ferguson v. State*, 571 S.W.2d 908 (Tex.Cr.App.1978). Among the legal questions that may be so preserved for appeal after a conditional plea of guilty is a claim that the *constitutional* right to a speedy trial was denied. *Riggall v. State*, 590 S.W.2d 460, 462 (Tex. Cr.App.1979). The *statutory* right to a speedy trial may not be preserved through a conditional plea of guilty, because of another 1977 enactment.[1]

■ The other 1977 statute is V.A.C.C.P. Article 32A.02, often called the Speedy Trial Act. The statute generally requires the State to be ready for trial within a certain number of days after commencement of a criminal action, on pain of having its charge set aside. Section 3 of the statute provides:

"The failure of a defendant to move for discharge under the provisions of this article prior to trial or the entry of a plea of guilty constitutes a waiver of the rights accorded by this article."

---

1. This distinction between the constitutional right and the statutory right means that *Riggall v. State*, supra, is not "wholly inconsistent" or "at war" with the holdings in *Flores v. State*, 606 S.W.2d 859 (Tex.Cr.App.1980), and *Luna v. State*, 602 S.W.2d 267 (Tex.Cr.App.1980, as the

dissenters in the latter cases feared. It must be remembered that statutory speedy trial rights were not at issue in *Riggall v. State*, for the case was tried before the Speedy Trial Act was enacted. See 590 S.W.2d at 464 (Douglas, J., dissenting).

There was disagreement over the meaning of Section 3; specifically, over the word "entry." One view was that "entry," like "trial," was the object of the preposition "prior to"; by this reading, the only thing that would have waived the statutory rights would have been the defendant's failure to have moved for discharge before he pleaded guilty or went to trial. The other view was that "entry," like "failure," was part of the compound subject of the sentence; by this reading the statutory rights would have been waived either by the failure to have moved for discharge or by the entry of a guilty plea. The court eventually adopted the latter reading, and Section 3 means that a plea of guilty waives[2] the rights accorded by the Speedy Trial Act. *Flores v. State*, 606 S.W.2d 859 (Tex.Cr. App.1980); *Luna v. State*, 602 S.W.2d 267 (Tex.Cr.App.1980). Therefore the appellant's first ground of error, which claims a violation of his rights under the Speedy Trial Act, is overruled.

■ The holding that a guilty plea waives the rights of the Speedy Trial Act is an exception to the general rule of V.A.C. C.P. Article 44.02 that matters raised by written motions filed before trial are preserved for appeal after a guilty plea. *See Flores v. State*, 606 S.W.2d 859, 860 (Tex.Cr. App.1980). Therefore, violations of the Speedy Trial Act are subject to the same holding that applied to all non-jurisdictional defects before Article 44.02 was amended: such defects were waived and can avail the appellant nothing. Likewise applicable would be the corollary rule that it is error to accept a "conditional plea"; that is, a plea of guilty or nolo contendere entered with the understanding that the defendant could appeal the alleged violation of his rights under the Speedy Trial Act.

■ As this corollary rule was explained in *Allen v. State*, 474 S.W.2d 480, 482 (Tex.

Cr.App.1972), the error of accepting a conditional plea of guilty does not arise merely because the plea was entered after the denial of a pretrial motion if "[t]here was no agreement, no stipulation nor was it ever mentioned that appellant entered his plea . . . subject to or in reliance upon his motion [that was denied]." If the plea was entered with such an agreement or understanding that the merits of the motion would be preserved for appeal, then the trial court was not authorized by state law to accept such a plea. *Kilpper v. State*, 491 S.W.2d 117 (Tex.Cr.App.1975); *Killebrew v. State*, 464 S.W.2d 838 (Tex.Cr.App.1971); *Chavarria v. State*, 425 S.W.2d 822 (Tex.Cr. App.1968). As a matter of constitutional law a guilty plea cannot be said to have been voluntary if it was induced by an agreement, approved by the court, that a question could be appealed when that agreement cannot be fulfilled. *United States v. Lopez*, 571 F.2d 1345 (5th Cir. 1978); *United States v. Hill*, 564 F.2d 1179 (5th Cir. 1977). The appellant's second ground of error will turn on whether the record shows such an understanding or agreement.

■ There was no separate arraignment proceeding in this case. The appellant filed a motion to set aside the indictment, alleging that the State had not complied with the Speedy Trial Act. This motion was heard on May 30, 1980. The trial judge's docket entry was:

"Defendant appeared with attorney Carl Green and hearing had regard to Defendant's motion for speedy trial. [Sic] Motion overruled and *Defendant preserved his right to appeal and then plead guilty* after being fully admonished and was found guilty based on the confession of guilty. Punishment postponed to Monday 6–2–80." [Emphasis supplied]

**2.** Although the statute reads "waives," the appellant's loss of his rights under the Speedy Trial Act was not a waiver in the classic sense: "an intentional relinquishment or abandonment of a known right or privilege." *Johnson v. Zerbst*, 304 U.S. 458, 464, 58 S.Ct. 1019, 1023, 82 L.Ed. 1461 (1938). It is conceptually more

accurate to say that the appellant forfeited those rights. "Unlike waiver, forfeiture occurs by operation of law without regard to the defendant's state of mind." Westen, "Away from Waiver: A Rationale for the Forfeiture of Constitutional Rights in Criminal Procedure," 75 Mich.L.Rev. 1214, 1214 (1977).

The transcription of the hearing on the motion shows that the appellant presented evidence and the court denied the motion. The appellant's counsel said,

"Your Honor, I believe at this time, observing out appelate [sic] rights on the Speedy Trial issue, which have just been removed, we would now like to plead guilty to the charges pending in this cause.

(Speedy Trial proceedings concluded.)"

The transcription resumes in a separately bound volume (which is captioned, *"GUILTY PLEA AND PRESERVING THE RIGHTS ON SPEEDY TRIAL"*); it begins:

"MR. GREEN: Your Honor, I believe at this time we are reserving our appellate rights on the Speedy Trial issue. Mr. Wooten would now like to plead guilty to the charge pending in this cause.

"THE COURT: Is that right, Mr. Wooten?

"MR. WOOTEN: Yes, Your Honor.

"THE COURT: You understand that by pleading guilty, you are not any which way waiving any right you have in connection with Speedy Trial.

"MR. WOOTEN: Yes, sir."

The proceedings ended as follows:

"THE COURT: One thing I want to stress before getting into the punishment stage: if I follow the recommendation, I will go lower than the recommendation and you will have no right of appeal in connection with your guilty plea; but you will have on the Speedy Trial.

"MR. GREEN: Thank you.

"THE COURT: Is that part straight?

"MR. WOOTEN: I understand.

"THE COURT: You have no right of appeal without my consent. I would like to have the questions answered, too.

"MR. GREEN: Thank you, Your Honor.

(Whereupon proceedings concluded.)"

It could scarcely be more clear that there was an arrangement, approved by the court, which induced the appellant to plead guilty in the belief that he could appeal the issue of his rights under the Speedy Trial Act. The trial court was not authorized to receive this plea, and the plea cannot be said to have been made knowingly and voluntarily. On remand the appellant must be allowed to replead.

The judgment is reversed and the cause is remanded.