**John Segal MARTIN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 2–81–034–CR.**

Court of Appeals of Texas,
Fort Worth.

Jan. 13, 1982.

Discretionary Review Refused
April 7, 1982.

Art Brender, Fort Worth, for appellant.

Tim Curry, Dist. Atty., and William Kane, Asst. Dist. Atty., Fort Worth, for appellee.

Before HUGHES, JORDAN and BROWN, JJ.

## OPINION

JORDAN, Justice.

Appellant was convicted of murder and sentenced by a jury to serve fifty years in the Texas Department of Corrections. The sentence was enhanced by a finding of the jury that appellant also had a prior felony conviction. Appellant appeals on two grounds of error.

We affirm.

On December 23, 1977, one Donald Simon, his son Jody Simon, Donald Simon's daughter Angela, and one Michael David Winslett were in Mary's Cafe, located on Calhoun Street in the City of Fort Worth, Texas, having a few drinks. Michael David Winslett was from Odessa and had come to Fort Worth to visit Jody Simon for the Christmas Holidays. At about 7:00 p. m. these four individuals left Mary's Cafe and as they left, noticed a group of men right outside the cafe, armed with pool cues and apparently engaged in some kind of altercation. Immediately after exiting the cafe, according to the testimony of Donald Simon, shots were fired at them, and he and his son Jody were both shot and wounded. Donald was shot in the abdomen but was not seriously wounded. Jody Simon was shot in the hand and was released after treatment at a hospital. Michael David Winslett was shot twice in the chest and was instantly killed.

The appellant, John Segal Martin, was among the men on the street outside Mary's Cafe when Simon and his party left the cafe. Donald Simon and Nancy Kennemer, a waitress at Mary's Cafe, identified appellant as the one who fired the shots that wounded Donald and Jody Simon and killed Winslett. Nancy Kennemer also testified that shortly before this incident she had refused appellant and another man service at the cafe and that appellant and the other men left the cafe without incident.

Appellant testified at the trial and denied that he shot anyone or even had a gun on the occasion in question.

It was undisputed that Donald Simon and his party, including his son and daughter and Michael David Winslett did not know appellant, nor did he know them prior to the shooting on December 23, 1977. There was, therefore, no animosity between appellant and the Simon party.

Appellant's first ground of error urges that the evidence was insufficient to prove the intent of appellant to commit the offense of murder. He argues that since there is absolutely no evidence of any animosity between appellant and the Simon group, and no evidence that appellant in any way aimed the gun toward the deceased, there is no showing that appellant either knowingly or intentionally committed the offense of murder. The jury, however, saw the situation differently and found that the necessary intent or knowledge existed, and found appellant guilty of murder. We are bound by law, in a criminal case, to view the evidence in the light most favorable to the jury verdict. *Bowers v. State*, 570 S.W.2d 929 (Tex.Crim.App. 1978).

The trial court properly charged the jury that a person commits murder if he intentionally or knowingly causes the death of an individual. The court's charge also correctly instructed the jury on the meaning of the words "intentionally and knowingly" in accordance with V.T.C.A. Penal Code sec. 6.03(a)(b).

Under these instructions and the evidence reflected in the record in this case, partially reviewed above, we hold there is sufficient evidence of the intent to commit murder on the part of appellant.

Moreover, it has been many times held that the use of a deadly weapon raises a presumption of intent to kill. A pistol such as was used in this case is a deadly weapon per se. See *Brooks v. State*, 548 S.W.2d 680 (Tex.Crim.App.1977); *Ruiz v. State*, 523 S.W.2d 691 (Tex.Crim.App.1975); *Baylor v. State*, 151 Tex.Cr.R. 365, 208 S.W.2d 558 (1948); *Jackson v. State*, 548 S.W.2d 685 (Tex.Crim.App.1977).

In his second ground of error appellant asserts error on the part of the trial court in

**930**

permitting, over timely objection, what he claims was cross-examination on an immaterial and unrelated extraneous offense concerning the carrying of a knife on March 3, 1978. Appellant took the stand in his own defense and on cross-examination by the State he was asked if he had a gun in his possession on the night of the murder involved in this case, on December 23, 1977. His reply was "no, sir... That night or any other night." The next question asked by the prosecutor was: "You do carry a knife, don't you?" Appellant's answer again was "no, sir." He was then asked if he had carried a knife in the last six months (meaning preceding the trial in October, 1978), and again appellant said he had not carried a knife. The prosecutor then asked appellant "what about the third day of March, 1978?" Appellant objected at this point and the jury was retired. Out of the presence of the jury the State indicated that it had witnesses who would testify that at a certain bar or lounge on March 3, 1978, appellant stabbed another individual with a knife. However, when the jury returned, this testimony was at no time elicited and these facts, contrary to the intimation in appellant's brief, did not get before the jury.

When the jury returned appellant was asked if he was familiar with a certain bar or lounge, and if he knew two certain individuals. He was not asked further about the knife incident, if he was carrying a knife in that bar on March 3, 1978, if he stabbed anyone on that date, or if he was charged with any offense on that date.

■ The only questions that were elicited in the presence of the jury, as above indicated, asked if he carried a knife, if he had carried a knife within the last six months, and if he had carried a knife on March 3, 1978. All of these questions were answered "no" by appellant. Nothing more was presented to the jury.

We do not think that this cross-examination raised any unrelated extraneous offense as appellant claims. The questions about the knife should have not been asked, but they were all answered in the negative

and no evidence of any offense at all was presented to the jury. This case is quite different from *Mauldin v. State*, 165 Tex. Cr.R. 405, 308 S.W.2d 36 (1957), relied on by appellant, because in *Mauldin* the State, in a case involving murder with a gun, as here, asked the appellant if he ever carried a knife, and appellant replied he had not. The State then proceeded by cross-examination to show that the appellant had once "gotten in trouble over carrying a knife" and was "filed on for aggravated assault with a knife". The court there held it was improper to admit evidence of an accusation which had not resulted in a final conviction. This is not our situation in this case. Appellant was not harmed by the questions asked on cross-examination.

Both grounds of error are overruled and the judgment is affirmed.