**Audry Q. MARTIN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 859–82.**

Court of Criminal Appeals of Texas, En Banc.

May 11, 1983.

William F. Carter, Madisonville, for appellant.

Felipe Reyna, Dist. Atty. and J. Patrick Murphy, Asst. Dist. Atty., Waco, Robert Huttash, State's Atty. and Alfred Walker, Asst. State's Atty., Austin, for the State.

OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW

CLINTON, Judge.

In its opinion the Waco Court of Appeals noted the initial assertion by appellant was that "his plea of guilty was not voluntarily and knowingly made because it was based upon the belief and understanding that he would have the right to appeal" on its merits the denial by the trial court of his motion to dismiss under the Texas Speedy Trial Act. Article 32A.02, § 1(1). The court found that "the plea of guilty was

made by appellant and accepted by the Court with the *understanding* of both, and with the court's *permission,* that appellant could appeal the order overruling his pretrial motion made under the Speedy Trial Act," [1] applied the opinion of this Court in *Wooten v. State,* 612 S.W.2d 561 (Tex.Cr. App.1981) to "facts materially identical," acknowledged that the State "confesses error in our case under the ruling in *Wooten*" and sustained the first ground of error. *Martin v. State,* 626 S.W.2d 928 (Tex.App.— Waco 1982).

We granted the State's petition for discretionary review, presented by the State Prosecuting Attorney, primarily because at the time a number of other cases raising issues seemingly of like vein were pending before the Court.[2] Without distinguishing them by pretrial issue raised by appellant and ruled by the trial court before accepting what turned out to be considered a "conditional plea," the ultimate position of the State Prosecuting Attorney is that *Wooten,* supra, *Mooney v. State,* 615 S.W.2d 776 (Tex.Cr.App.1981) and all other progeny of *Chavarria v. State,* 425 S.W.2d 822 (Tex. Cr.App.1968) and *Killebrew v. State,* 464 S.W.2d 838 (Tex.Cr.App.1971) should be overruled so that taking of such "conditional pleas" may be then approved by this Court, to the end that an appellant is not barred "from obtaining the plenary review he bargained for."

However, certainly in motions to suppress evidence, to accomplish that which the State Prosecuting Attorney seeks the Court would necessarily have to reject that solid line of authorities following *Stiggers v. State,* 506 S.W.2d 609 (Tex.Cr.App.1974), to the effect that if the record does not reflect that any evidence obtained as a result of the challenged search was introduced in evidence "no error is shown or presented for review," or, stated another way, if the guilty plea is supported be evidence "independently of the matter contested in the pre-trial motion, then any erroneous ruling on that motion does not vitiate the conviction," *Ferguson v. State,* 571 S.W.2d 908, 910 (Tex.Cr.App.1978). See *Prochaska v. State,* 587 S.W.2d 726 (Tex.Cr.App.1979) for our treatment of consequences that flow respectively from several different plea situations created in the trial court. Compare also Dean Mooney with Rosemary Mooney, codefendants in *Mooney v. State,* supra.

In one of the causes still pending disposition, see note 2, *ante,* recognizing the problem we have just alluded to, the affected district attorney would solve it by having this Court "carve an exception from the general rule of *not* reviewing issues raised in pre-trial motions where sufficient evidence independent of that sought be suppressed supports the conviction or where the issue would normally be waived by entry of a plea of guilty." See State's Petition for Discretionary Review filed in *Johnson v. State,* cited in note 2, *ante.*

The problems inherent in the proposed solutions when the pretrial motion is to suppress evidence are further complicated in the cause at bar by the determination of this Court that a plea of guilty waives or forfeits the rights accorded by the Speedy Trial Act, *Wooten v. State,* supra, at 563; *Flores v. State,* 606 S.W.2d 859 (Tex.Cr. App.1980); *Luna v. State,* 602 S.W.2d 267 (Tex.Cr.App.1980), and its holding that forfeiting rights under the Act through a guilty plea is "an exception to the general rule of V.A.C.C.P. Article 44.02 that matters raised by written motions filed before trial are preserved for appeal after a guilty

---

1. All emphasis is added by the writer of this opinion unless otherwise indicated.

2. E.g., *Pittman v. State,* 622 S.W.2d 142 (Tex. Cr.App.1981), submitted on State's motion for rehearing January 27, 1982; *Christal v. State,* —— S.W.2d ——, No. 67,410, October 31, 1981, submitted on State's motion for rehearing January 27, 1982; *Schwerdtfeger v. State,* No. 183–82, submitted on State's petition for discretionary review October 6, 1982; *Sanchez v.*

*State,* No. 351–82, submitted on State's petition for discretionary review November 3, 1982; *Johnson v. State,* No. 731–82, submitted on State's petition for discretionary review February 9, 1983. See also *Flores v. State,* 622 S.W.2d 137 (Tex.Cr.App.1981), submitted on appellant's motion for rehearing October 21, 1981. At this writing each cause still pends disposition.

plea," *Wooten supra,* at 563. Thus, in this case the way to plenary review suggested by the State, is blocked by the exception created by *Ramirez v. State,* 590 S.W.2d 509 (Tex.Cr.App.1979), *Luna, Flores* and their followings.[3]

*Ramirez v. State,* supra, was a panel opinion, and later the issue sharply divided the Court En Banc in *Luna* and *Flores.* The construction by the majority that rights under the Speedy Trial Act are waived by virtue of a guilty plea is now found to be incorrect—both grammatically and on account of legislative history—for the reasons explained by the dissenting opinion in each cause: *Luna,* supra, 602 S.W.2d at 267, and *Flores,* supra, 606 S.W.2d at 860. We hold that such rights claimed by an accused under the Act are not lost by a subsequent plea of guilty, and if convicted on his plea and supporting evidence that defendant may appeal to have the correctness of overruling his motion to dismiss decided by an appellate court. *Ramirez, Luna, Flores,* all supra, and all other decisions to the contrary are overruled.

Accordingly, the judgment of the Waco Court of Appeals is reversed and the cause is remanded to that court for its plenary consideration of appellant's second ground of error on its merits.

W.C. DAVIS, J., dissents.

ONION, Presiding Judge, concurring.

I reluctantly concur. *Ramirez v. State,* 590 S.W.2d 509 (Tex.Cr.App.1979), a panel opinion, held that a defendant waived his rights under the Speedy Trial Act (Article 32A.02, V.A.C.C.P.), by pleading guilty. I was a member of that panel, and regrettably did not dissent. When the matter was considered by the court en banc in *Luna v. State,* 602 S.W.2d 267 (Tex.Cr.App.1980), and in *Flores v. State,* 606 S.W.2d 859 (Tex. Cr.App.1980), the same decision was reached. I joined the dissenting opinions in those cases because I concluded *Ramirez*

was wrongly decided and the majority in *Luna* and *Flores* was misinterpreting § 3 of Article 32A.02, supra. I still believe that way, and for that reason I concur in today's opinion.

However wrong the decisions in *Ramirez, Luna* and *Flores* may have been, an interpretation of Article 32A.02, § 3, V.A.C.C.P., was established by this court which for almost three years has been consistently followed by this court, other appellate courts and the trial courts of this state. The Legislature has met and adjourned without action to change that interpretation. We will now undoubtedly be swamped with post-conviction habeas corpus proceedings concerning the change in our interpretation of the Speedy Trial Act. Law that has been learned by the Bench and Bar will now have to be unlearned, and without question will not be unlearned fast enough to prevent many appeals and numerous new legal questions. The doctrine of stare decisis still has some meaning. There should be some finality in the decision-making process of this court.

While I am glad to see the court finally interpret § 3 of the Speedy Trial Act properly, I reluctantly concur in today's opinion for the reasons stated.

---

3. Indeed, the court below declined to address the merits of appellant's second ground of error (contending that the evidence showed the State had not complied with the Speedy Trial Act),

finding instead that all rights under the Act had been waived by his plea of guilty, citing *Wooten.*