**Joe Rodriguez VALDEZ, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 3–82–231 CR(T).**

Court of Appeals of Texas, Austin.

July 13, 1983.

Discretionary Review Refused Dec. 21, 1983.

**146**

M.N. Garcia, Garcia & Kilgore, Austin, for appellant.

Jeffrey Van Horn, Dist. Atty., Lockhart, for appellee.

Before EARL W. SMITH, SHANNON and BRADY, JJ.

## ON MOTION FOR REHEARING

EARL W. SMITH, Justice.

Appellant's motion for rehearing is granted. Our original opinion in this cause, dated April 20, 1983, is withdrawn, and this opinion is substituted therefor.

Appellant was indicted for the third degree felony offense of delivery of more than one-fourth ounce of marihuana. Tex. Rev.Civ.Stat.Ann. art. 4476–15, § 4.05 (Supp.1982). For enhancement purposes, the indictment alleged three prior felony convictions. The State abandoned all but the second enhancement paragraph. In a bench trial, appellant pleaded *nolo contendere* to the primary offense and to the one remaining enhancement paragraph. On stipulated evidence showing appellant's guilt of the primary offense and that appellant was the same person previously and finally convicted of the felony, as alleged, punishment was assessed at confinement in the Department of Corrections for fifteen years.

Appellant's sole ground of error is that the trial court erred in failing to dismiss the indictment due to the State's failure to comply with the Speedy Trial Act. In our original opinion, we overruled this contention and affirmed the judgment of conviction (as reformed to correct technical errors therein). The opinion was based upon the consistent holdings of the Court of Criminal Appeals that a plea of guilty or *nolo contendere* constitutes a waiver of any right to appeal grounded upon a violation of the Speedy Trial Act. Tex.Code Cr.P. art. 32A.02 (Supp.1982); *Wooten v. State,* 612 S.W.2d 561, 563 (Tex.Cr.App.1981); *Velasquez v. State,* 608 S.W.2d 674 (Tex.Cr.App. 1980); *Flores v. State,* 606 S.W.2d 859, 860 (Tex.Cr.App.1980); *Luna v. State,* 602 S.W.2d 267 (Tex.Cr.App.1980); *Ramirez v. State,* 590 S.W.2d 509, 510 (Tex.Cr.App. 1979).

On May 11, 1983, the Court of Criminal Appeals delivered its opinion in *Martin v. State,* 652 S.W.2d 777, Tex.Cr.App., overruling the above-cited authorities, and stating:

> [w]e hold that such rights claimed by an accused under the [Speedy Trial Act] are not lost by a subsequent plea of guilty, and if convicted on his plea and supporting evidence that defendant may appeal to have the correctness of [the] overruling [of] his motion to dismiss decided by an appellate court. *Ramirez, Luna, Flores* ... and all other decisions to the contrary are overruled.

A plea of *nolo contendere* is equivalent to a plea of guilty. *Fleet v. State,* 607 S.W.2d 257, 258 (Tex.Cr.App.1979). Thus, under *Martin v. State, supra,* we must determine whether the trial court erred in overruling appellant's motion to dismiss the indictment due to the alleged failure of the State to comply with the Speedy Trial Act. We hold the trial court did err in overruling appellant's motion. The judgment of conviction will be reversed.

The mandate of the Speedy Trial Act is that a trial court "shall grant a motion to set aside an indictment, information, or complaint if the state is not ready for trial" within the prescribed time limit applicable—in this case, 120 days. Tex. Code Cr.P.Ann. art. 32A.02, § 1. The act sets out ten specified reasons justifying delay and excluding time in which the State must be ready for trial. It is now well settled that the act addresses itself to prosecutorial delay rather than the judicial process as a whole, and does not encompass the court or its docket. Although the trial may not commence until after the expiration of the specified time limit, the issue in applying the Speedy Trial Act is the State's

readiness for trial. The focal point is the preparedness of the prosecution for trial and not the trial court and its docket. *Mendoza v. State,* 636 S.W.2d 198, 201 (Tex.Cr. App.1982); *Barfield v. State,* 586 S.W.2d 538, 540–41 (Tex.Cr.App.1979). In construing the act, the Court of Criminal Appeals has laid down the following rules which, to this point in time, appear to be well settled.

■ (1) The failure of a defendant to move for discharge under the provisions of the article prior to the trial or entry of a plea of guilty constitutes a waiver of the rights afforded by the article. *Barfield v. State, supra* at 542; Tex.Code Cr.P.Ann. art. 32A.02, § 3.

■ (2) When the State announces its readiness for trial within the prescribed time period, it makes a *prima facie* showing of compliance with the act, and in the absence of rebuttal by the accused to show otherwise, it is presumed that the State is ready. *Fraire v. State,* 588 S.W.2d 789, 791 (Tex.Cr.App.1979); *see also Madrigal v. State,* 634 S.W.2d 782, 784 (Tex.App.1982, no pet.).

■ (3) An announcement of ready by the State made beyond the prescribed time limit does not create a presumption of readiness within the time limit. *Pate v. State,* 592 S.W.2d 620, 621 (Tex.Cr.App.1980). A timely motion is, as stated, a *prima facie* showing that the State is ready for trial as the statute requires, but such an announcement is not essential. The State may also make a *prima facie* showing by declaring, at the hearing on the accused's motion to dismiss, that it is ready, and was ready for trial within the statutory time period. *Lee v. State,* 641 S.W.2d 533, 535 (Tex.Cr.App. 1982); *Jordan v. State,* 639 S.W.2d 477, 478 (Tex.Cr.App.1982); *Scott v. State,* 634 S.W.2d 853, 855 (Tex.Cr.App.1982); *Barfield v. State, supra* at 542. Where a post-time limit announcement of ready does not include a declaration by the State that it had been ready within the statutory time limit, the burden is upon the State to show its readiness within such time limit. *Scott*

*v. State, supra* at 855; *Pate v. State, supra* at 621.

■ (4) Proper declaration of readiness by the State may be rebutted by the defendant with evidence that the State was not ready for trial within the limitation period. *Barfield v. State, supra* at 542. When the State's declaration is rebutted, the State is put to its proof of excludable periods of delay that would, under the act, extend the initial time limitation. *Pate v. State, supra* at 621.

(5) If the trial court concludes that the State was not ready for trial as required, the accused must be discharged. Tex.Code Cr.P.Ann. art. 28.061 (Supp.1982); *see Ordunez v. Bean,* 579 S.W.2d 911, 914 (Tex.Cr. App.1979); *Ex parte Delbert,* 582 S.W.2d 145, 146 (Tex.Cr.App.1979).

■ Applying these standards to the instant case, we find that appellant was arrested November 20, 1978, and indicted February 8, 1979. The State and defendant stipulated that there had been *but one setting for trial,* to-wit, April 23, 1979. The court's docket sheet, introduced into evidence by appellant, shows only two settings: April 19, the date when pre-trial motions were heard, and April 23, the date of trial. On April 19, the pre-trial date, appellant filed his motion to dismiss for lack of speedy trial, along with several other pre-trial motions. No other motions had been filed by appellant prior to April 19, which date was the 150th day since the date of appellant's arrest. At no time prior to April 19 did the State file an announcement of ready or otherwise declare its readiness for trial.

At the hearing on the motion to dismiss, appellant's uncontroverted testimony was that he lived at Luling, thirteen to fourteen miles from Lockhart, the place of trial, and that he had been ready and available for trial since the date of his arrest. No other sworn testimony on the motion was taken— the remainder of the hearing consisted of colloquy between the court and counsel for both sides. The State suggested that the case had been set for pre-trial hearing on different occasions, that the case was set

for pre-trial and arraignment on March 29 (129 days after arrest) and for trial on April 23 (154 days after arrest), and that the case was re-set for pre-trial hearing on April 19. The trial court's recollection was that on February 22, the case was set for arraignment and pre-trial to occur on March 29, and was re-set for trial on April 23. As noted, the docket sheet shows only two settings: April 19 for pre-trial and April 23 for trial. There is nothing in the record showing any excludable periods under the act. Following the hearing on appellant's motion to dismiss, which was overruled, other pre-trial motions were heard. It was not until the motion of defendant for quantitative analysis of the marihuana that the State made any announcement of ready other than on the date of trial, April 23. On April 19, the State said:

> The State's position is that the State is ready to go to trial on this case on Monday . . . .

Never did the State announce its readiness for trial within the 120-day time limit applicable to this case; nor did it show any excludable time periods, as was its burden under the cited authorities.

The State's attorney argues that by pleading *nolo contendere,* appellant waived his rights under the Speedy Trial Act. Though that once was the law, it has ceased to be. The State also argues, erroneously, that it was appellant's burden to show that the State was not ready within the prescribed time limit. The State concedes the law to be that the act "refers to the preparedness of the prosecution for trial and does not encompass the trial court and its docket," citing *Barfield v. State, supra.* The main thrust of the argument is that, since appellant filed a motion to dismiss, the burden was upon him, the party making the motion, to prove the State's non-readiness. In support of this argument, the State refers to numerous authorities, none of which relate to the Speedy Trial Act, and all of which are therefore inapposite.

The burden in this case, under the facts herein, was upon the State to demonstrate that it was ready for trial within the statutory time period of 120 days or that a sufficient period should be excluded from that time to bring it into compliance with the act. The State failed to discharge its burden; we hold that the trial court erred in overruling appellant's motion to dismiss the indictment. *Apple v. State,* 647 S.W.2d 290 (Tex.Cr.App.1983); *Jordan v. State, supra.*

The judgment of conviction is reversed, and the cause is remanded with directions to set aside the indictment and to dismiss the prosecution.

BRADY, J., not participating.