**Barbara RODRIGUEZ, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 04–87–00132–CR.**

Court of Appeals of Texas,
San Antonio.

Jan. 13, 1988.

Shirley Ehrlich, San Antonio, for appellant.

Fred G. Rodriguez, Arnulfo Ruiz, Jeff Sapyta, Ilse Bailey–Graham, Crim. Dist. Attys., San Antonio, for appellee.

Before CADENA, C.J., and ESQUIVEL and DIAL, JJ.

DIAL, Justice.

Defendant was convicted for driving while intoxicated following a plea of nolo contendre before the court. Punishment was assessed at a fine of $250.00 and thirty days in jail, probated for two years.

In her first point of error, the defendant contends that the trial court erred in denying her motion to suppress evidence. The motion asked for the suppression of all evidence seized as a result of the search of the car in which the defendant rode, as well as all statements made after the arrest of the defendant. The contention was that the stop of the car was illegal since it was made without probable cause or reasonable suspicion, that the arrest of the defendant was illegal since it was effected without probable cause or reasonable suspicion and that the search of the car was illegal since it was conducted without warrant, probable cause or reasonable suspicion.

In her brief filed with this court the defendant does not dispute that the evidence offered by the State at the hearing on the motion to suppress did in fact establish probable cause for the officer to have stopped the defendant's car and arrested her. The defendant now argues instead that since the officer did not specifically testify at the hearing that the person he stopped and the defendant on trial were one and the same, the court should have granted the motion to suppress. The defendant cites no authority for this argument, and we know of no case so holding.

On a hearing on a motion to suppress evidence, there is no requirement that the State prove its entire case. The State need only respond to the particular issues raised in the motion. Depending on the issues raised in a particular motion to suppress when a hearing is granted on such a motion, the court may determine the merits of said motion on the motions themselves, or upon opposing affidavits, or upon oral testimony, subject to the discretion of the court. TEX.CODE CRIM.PROC.ANN. art. 28.01, § 1(6). Here the motion alleged that the State lacked evidence of probable cause, and the State offered sufficient evidence to refute that allegation. The first point of error is overruled.

The second point of error is that the trial court erred in accepting the defendant's plea of nolo contendere. The argument presented is that the trial court was aware that the plea was entered with the understanding that the ruling on the motion to supress would be preserved for appeal. Therefore the plea could not have been voluntary if it was induced by an agreement approved by the court that an adverse ruling on the motion to suppress could be appealed. The defendant cites *Wooten v. State*, 612 S.W.2d 561 (Tex. Crim.App.1981).

The identical question was before the Court of Criminal Appeals in *Morgan v. State*, 688 S.W.2d 504, 507 (Tex.Crim.App. 1985) and was decided adversely to the defendant's present argument. The opinion pointed out that where a ruling on a pretrial motion could be reviewed on appeal under TEX.CODE CRIM.PROC.ANN. art. 44.02 the rationale of *Wooten* was superceded. The second point of error is overruled.

The judgment of conviction is affirmed.