Cecil Lewis **PARISH**, Appellant,

v.

The **STATE** of Texas, State.

No. 2–81–107–CR.

Court of Appeals of Texas,
Fort Worth.

April 21, 1982.

Danny D. Burns, Fort Worth, for appellant.

Tim Curry, Dist. Atty. and Joe C. Lockhart, Asst. Dist. Atty., Fort Worth, for State.

Before HUGHES, RICHARD L. BROWN and HOLMAN, JJ.

## OPINION

HOLMAN, Justice.

This is an appeal from a conviction of third degree felony, the theft of a van having a value between $200.00 and $10,000.00. V.T.C.A. Penal Code sec. 31.03(d)(4).

Punishment enhanced by a prior felony theft conviction was assessed by the jury at imprisonment for 17½ years and a $5,000.00 fine. The court ordered the term of imprisonment to begin after a life sentence previously assessed appellant in Dallas.

We affirm.

In his first ground of error, appellant contends that the court erred in denying his motion to dismiss for failure to provide a speedy trial.

Appellant was indicted on October 31, 1978, and the State announced ready seven months later, on May 31, 1979.

A defendant accused of a felony offense is entitled to be tried within 120-days of the commencement of the criminal action. V.A.C.C.P. art. 32A.02, sec. 1(1).

When the State fails to announce ready within that time, the defendant is entitled to have the indictment set aside. V.A.C.C.P. art. 32A.02, sec. 1; *Pate v. State*, 592 S.W.2d 620 (Tex.Cr.App.—1980).

In computing the 120 day limitation, the State may exclude a reasonable period of delay resulting from other proceedings in which the defendant is involved. V.A.C.C.P. art. 32A.02, sec. 4(1).

The determination of "reasonable delay" must be made on a case by case basis. *Turner v. State*, 545 S.W.2d 133 (Tex.Cr.App.—1976).

The evidence shows that on October 31, 1978, appellant was in jail in Dallas County charged with three felony offenses alleged to have occurred on separate dates.

On November 3, 1978, a detainer was placed on appellant by Tarrant County, he was given magistrate's warnings, and bond was set in the Tarrant County case.

For the next seven months appellant remained in the Dallas County Jail pending trial on the Dallas charges.

During this period, attorneys were appointed for appellant on the Dallas charges and in those cases numerous pre-trial motions were filed including some that were *pro se.*

The Dallas cases had been set for trial many times and were still pending at the time of the State's announcement of ready in this case, May 31, 1979.

After hearing evidence, the trial court found as a matter of Law that the speedy trial period applicable to this case was not 120 consecutive days from appellant's October 31, 1978 indictment:

"because the Court, under the evidence heard finds that in computing the time by which the State must be ready for trial, the period excluded by virtue of the defendant's incarceration [for] trial in Dallas County on the Dallas County indictments was a reasonable period delay resulting from other proceedings involving the defendant for purposes of trial on other charges, namely the three Dallas County indictments."

We agree that the three-month delay is not unreasonable on the facts of this case.

Appellant's first ground of error is overruled.

We will not discuss appellant's second ground of error which was waived upon oral argument.

In his third and fourth grounds of error, appellant contends that the trial court erred in failing to allow appellant to represent himself during trial and in closing argument.

Counsel was appointed for appellant on June 4, 1979. On September 11, 1979, appellant executed a *pro se* motion to dismiss his court-appointed attorney which was considered September 17, 1979, the day of trial.

The *pro se* motion neither requested appointment of another attorney nor did it request that appellant be allowed to represent himself.

A defendant in a State criminal trial has a constitutional right to proceed without counsel when he voluntarily and intelligently elects to do so. *Faretta v. California*, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975).

Appellant did not ask permission to represent himself until the day of trial. The request was not timely. *Webb v. State*, 533 S.W.2d 780 (Tex.Cr.App.1976).

If a defendant is displeased with his appointed counsel, he must timely bring the matter to the court's attention. A defendant may not manipulate the right of self-representation so as to obstruct orderly procedure of the court or interfere with the fair administration of justice. *Lyles v. State*, 582 S.W.2d 138 (Tex.Cr.App.1979); *Brown v. State*, 464 S.W.2d 134 (Tex.Cr.App.1971).

It appears from the record that appellant's court-appointed attorney provided him adequate representation and a competent defense. We find no harm in the court's denial of his motion. *Lyles, supra.*

Appellant's third and fourth grounds of error are overruled.

In his fifth ground of error, appellant contends that the order cumulating his sentence was invalid for failure to specify the court in which he was previously convicted.

The trial court's oral pronouncement of the order of cumulation includes the following:

> "The Court further finds that you are the same person who, in Dallas County, Texas, in Cause No. F–79–02848–PM, were convicted of the offense of theft of property of the value of $200.00 or more but less than $10,000.00 and were sentenced under the jury's verdict in that case to a life sentence on October 4, 1979 ..."

The Court of Criminal Appeals has *recommended* that cumulation orders contain:

(1) the trial number of the prior conviction;

(2) the correct name of the court where the prior conviction was taken;

(3) the date of the prior conviction;

(4) the term of years of the prior conviction;

(5) the nature of the prior conviction. *Young v. State*, 579 S.W.2d 10 (Tex.Cr. App.—1979); *Ward v. State*, 523 S.W.2d 681 (Tex.Cr.App.—1975).

Orders containing less than the recommended elements of a cumulation order have been upheld. *See Phillips v. State*, 488 S.W.2d 97 (Tex.Cr.App.—1972).

 Although the oral pronouncement of sentence and cumulation fails to name the court of conviction, it does include the trial number of the prior conviction, the length of sentence, and the nature of the prior conviction.

The written order of sentence and cumulation (TR 99) does name the court in which appellant was previously convicted as well as all of the other details of the prior conviction necessary for a valid cumulation order.

No reversible error is shown. The fifth ground of error is overruled.

The transcript for this appeal was filed in the Court of Criminal Appeals December 4, 1980. Subsequently, the appeal was transferred to this court and scheduled for oral submission on March 31, 1982.

Not until March 22, 1982, did appellant file a *pro se* motion to abate the appeal so that he could examine the statement of facts and file a *pro se* brief.

A defendant whose counsel has filed an adequate appellate brief is not entitled to file a *pro se* brief. *Rudd v. State*, 616 S.W.2d 623 (Tex.Cr.App.1981).

At oral submission, appellant's court appointed counsel effectively argued the grounds of error he had previously briefed for the appellant.

We find that appellant's *pro se* motion was not timely filed and is without merit. The motion is overruled.

Judgment is affirmed.