**Ronnie Lee TAYLOR, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. C14–81–597–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

Aug. 31, 1983.

Discretionary Review Refused
Feb. 8, 1984.

John Pizzitola, Houston, for appellant.

Winston Cochran, Jr., Asst. Dist. Atty., Houston, for appellee.

Before JUNELL, MURPHY and SEARS, JJ.

SEARS, Justice.

Ronnie Lee Taylor was sentenced to thirty-five years' confinement after a plea of nolo contendere to the charge of aggravated robbery. The issue on appeal is an alleged violation of the Speedy Trial Act, TEX.CODE CRIM.PROC.ANN. art. 32A.02 (Vernon Supp.1982–1983). We reverse the judgment and remand the cause to the trial court with orders to dismiss the prosecution.

On July 20, 1981, the trial court held a hearing on Appellant's Motion To Set Aside the indictment for violations of art. 32A.02, at which time the parties agreed to the following stipulations:

1) Appellant was arrested and incarcerated in the Liberty County jail for the offense of capital murder on December 31, 1980, and has been continuously incarcerated in Liberty County and Harris County (on this charge and charges of aggravated robbery and murder) from December 29, 1980, until the date of this hearing.

2) This offense of aggravated robbery occurred on March 12, 1980.

3) Appellant was first questioned regarding this charge on January 16, 1981,

while he was incarcerated in Liberty County.

4) A felony complaint of murder was filed against Appellant in Harris County on January 20, 1981; however, the charge was reduced to aggravated robbery and Appellant was indicted on February 11, 1981.

5) Harris County requested a bench warrant be issued, between June 5 and June 8, 1981, to bring Appellant to Harris County.

6) The trial court issued a bench warrant for Appellant on June 11, 1981.

7) Appellant was transferred to the Harris County jail for the purpose of answering the charge of aggravated robbery on June 23, 1981.

8) The commencement of this cause of action, for purposes of the Speedy Trial Act, was January 20, 1981.

■ Appellant alleges in ground of error one that his plea of nolo contendere was not made knowingly and voluntarily, because it was made with the understanding he could appeal the alleged violation of the Speedy Trial Act. Further, in ground of error two, Appellant contends the trial court mistakenly accepted the plea with the belief that Appellant had the right to appeal the alleged violation of the Texas Speedy Trial Act. Appellant cites *Wooten v. State,* 612 S.W.2d 561 (Tex.Cr.App.1981), which held that Appellant lost his right to appeal speedy trial issues after a plea of guilty or nolo contendere, and that such pleas, based upon the court's belief that they could appeal such issues, were not made knowingly and voluntarily. However, as a result of *Martin v. State,* 652 S.W.2d 777 (Tex.Cr.App.1983) (en banc), the right to appeal the correctness of overruling a motion to set aside the indictment, based on a violation of the Texas Speedy Trial Act, is now preserved, regardless of any plea entered by Appellant. Appellant's grounds of error one and two are overruled.

■ Appellant's third ground of error is based on the trial court's overruling his Motion To Set Aside the indictment. Appellant cites a violation of his statutory rights as well as his constitutional rights. There is no record of Appellant raising the constitutional issue either by motion or by argument; therefore, the constitutional ground of error is not preserved for review and is overruled. *Fraire v. State,* 588 S.W.2d 789 (Tex.Cr.App.1979).

We must now determine if Appellant's statutory rights have been violated. TEX. CODE CRIM.PROC.ANN. art. 32A.02 § 1(1) provides that the trial court *shall* grant a motion to set aside the indictment if the State is not ready for trial in a felony case within 120 days of the commencement of a criminal action. May 20, 1981, is 120 days from the stipulated date of commencement of this criminal action. However, Appellant was not brought to Harris County for trial until June 23, 1981; and the State first announced ready for trial on July 20, 1981.

The Speedy Trial Act provides for certain periods of time to be excluded from computing the time by which the State must be ready for trial. Section 4(1) includes delay resulting from other proceedings involving the defendant; and, Section 4(9) excludes periods of delay resulting from the detention of the defendant in other jurisdictions if the State is aware of such detention and exercises due diligence to obtain his presence for trial. There is no showing by the State that Appellant was involved in other proceedings in Liberty County *which caused the delay* in the trial of this case. Further, the State has failed to show that it exercised due diligence to obtain Appellant's presence for trial while he was incarcerated in another jurisdiction.

Mr. Larry Allen, a detective with the Liberty County Sheriff's office, testified he knew of no reason why Appellant could not have been transferred to Harris County for trial. The State offered no evidence of any efforts to bring Appellant to Harris County for trial, and offered nothing to rebut the testimony of Detective Allen that he knew of no reason why Appellant could not have been available for trial if Harris County authorities had requested his transfer.

Detective Allen also testified that Appellant was sent to the Rusk State Hospital for eight days for evaluation, and that Appellant was in court from time to time in Liberty County for matters related to the murder charge. The evidence does not show how many times Appellant was in court for these matters. The exclusion of the eight days while Appellant was in the Rusk State Hospital undoubtedly would be "reasonable" under the circumstances of this case. However, this court cannot, without other proof of reasonable delay, hold that the entire period of 60 days should be excluded from the computation of time prescribed by the Act.

■■■ The appearance of the accused is a readiness burden of the State; further, if the accused is not in the courtroom within the time limits, the State must be prepared to show "due diligence" in attempting to get him into court. *Lyles v. State*, 653 S.W.2d 775 (Tex.Cr.App.1983) (en banc). When the Speedy Trial Act requires the State to be "ready for trial" within a specified period of time, it refers to the preparedness of the prosecution for trial. *Barfield v. State*, 586 S.W.2d 538 (Tex.Cr.App.1979). In fact, the gist of the Act is aimed at delays caused by prosecutorial inefficiency or neglect.

The facts in *Turner v. State*, 545 S.W.2d 133 (Tex.Cr.App.1976), are strikingly similar to this case, in that:

(1) Turner was incarcerated in a federal institution at the commencement of a cause of action in Texas, and remained there throughout the period of delay.

(2) State prosecutors did not move to have Turner returned for trial until after the expiration of the time required by the Act.

(3) Prosecutors attempted to explain the delay by showing that *some* delay was attributable to the fact that Turner, on several occasions, was transferred from one institution to another, and that Turner, filed *pro se* motions to delay his return to Texas jurisdiction.

(4) Turner did not allege or prove prejudice caused by the delay.

However, the court held the burden of excusing the delay rested with the State, and in light of a record containing insufficient reasons to excuse the delay, no valid reason existed. *Turner*, 545 S.W.2d at 137, 138.

■■■ In the case at bar, the facts are undisputed that the State was not ready for trial within 120 days from the commencement of this cause of action. The State first announced ready for trial on July 20, 1981. (There is a docket sheet notation of the State announcing "ready" on January 20, 1981; however, January 20 was the date of the probable cause hearing, and Appellant had not been indicted at that time). If the State is attempting to exclude a period of time pursuant to Section 4(1) of the Act, they must show that such delay is "reasonable." If they are claiming an exclusion of time pursuant to Section 4(9) of the Act, they must show "due diligence." The State has failed to show "reasonableness" or "due diligence," and further, they have failed to show any other period of delay was justified by exceptional circumstances.

Appellant's third ground of error is sustained and the judgment of the trial court is reversed and the prosecution ordered dismissed.

JUNELL, Justice, dissenting.

I dissent. In my opinion the evidence is sufficient to support the trial court's denial of appellant's motion to dismiss the indictment because of the state's failure to comply with the Texas Speedy Trial Act.

The parties stipulated that the criminal action in Harris County was commenced on January 20, 1981, the date of the filing of the complaint. The state announced ready for trial 181 days later, on July 20, 1981. In this case whether the state complied with the Speedy Trial Act depends on whether, in computing the time by which the state must be ready for trial, there should be excluded 61 days as a reasonable

period of delay resulting from other proceedings involving appellant, including but not limited to proceedings for the determination of his competence to stand trial, hearing on pre-trial motions, appeals, and trials of other charges. Art. 32A.02 Sec. 4(1). If the evidence was sufficient to justify the exclusion of 61 days, the state complied with the Speedy Trial Act and the trial court did not err in overruling the motion to dismiss the indictment.

The evidence is summarized as follows: On December 31, 1980, appellant was arrested and placed in the Cleveland City jail in connection with the robbery of a Tenneco service station and the murder of the service station attendant. Appellant was transferred to the Liberty County jail on January 2, 1981. On January 14, 1981, he was indicted for capital murder in Liberty County. Two attorneys were appointed to represent him in the Liberty County case. On February 11, 1981, he was sent to the Texas Mental Hospital at Rusk for evaluation of his mental competence to stand trial. On February 19, 1981, he was returned from Rusk to the Liberty County jail. While in jail in Liberty County, he was in court on a fairly regular basis for various hearings, for arraignment, for docket call and things of that nature. Also during his confinement in the Liberty County jail, he made several trips to Conroe to see a doctor because of some kind of problem with one of his hands. All the time appellant was in jail in Liberty County, the authorities there continued to work on the capital murder case and Deputy Sheriff Larry Allen, who testified at the Speedy Trial hearing, spent considerable time investigating the case.

I think the above evidence is sufficient to prove that in computing the 120 days time by which the state must be ready for trial, at least 61 days should be excluded as "a reasonable period of delay resulting from" the Liberty County proceedings against appellant.

I believe the position I express in this dissent is supported by the case of *Parish v. State*, 632 S.W.2d 200 (Tex.App.—Fort Worth 1982, no pet.). In that case, on October 31, 1978, Parish was indicted in Tarrant County for theft of a motor vehicle. The state announced ready seven months later on May 31, 1979. On October 31, 1978 Parish was in jail in Dallas County charged with three felony offenses alleged to have occurred on separate dates. For the next seven months Parish remained in the Dallas County jail pending trial on the Dallas charges. During this period attorneys were appointed for Parish on the Dallas charges and in those cases numerous pre-trial motions were filed. The Dallas cases were set for trial many times and were still pending at the time of the state's announcement of ready in the Tarrant County case on May 31, 1979. The trial court ruled that the period of time of Parish's incarceration in Dallas County should be excluded as a reasonable period of delay resulting from other proceedings involving Parish. The Fort Worth Court of Appeals affirmed, stating specifically that the three-month delay was not unreasonable under the facts of that case.

In my opinion, the 61 day delay was not unreasonable on the facts of this case; therefore, I dissent.