James SLAUGHTER, Appellant,

v.

STATE of Texas, Appellee.

No. 13–84–157–CR.

Court of Appeals of Texas,
Corpus Christi.

· Nov. 15, 1984.

Donald Dailey, Corpus Christi, for appellant.

Grant Jones, Dist. Atty., Corpus Christi, for appellee.

Before NYE, C.J., and KENNEDY and SEERDEN, JJ.

OPINION

NYE, Chief Justice.

This is an appeal from a conviction for aggravated robbery. Appellant pled guilty pursuant to a judicial confession and was sentenced to forty years in the Texas Department of Corrections.

In appellant's sole ground of error, he asserts that the trial court erred in denying his motion to dismiss for violation of the Speedy Trial Act. This is the type of ground of error that can be raised on appeal in such cases. *Martin v. State,* 652 S.W.2d 777 (Tex.Crim.App.1983).

Appellant was arrested on August 25, 1983 in San Patricio County for aggravated kidnapping. On the same day, he committed aggravated robbery in Nueces County and was later indicted on that charge. Appellant was hospitalized on that date at Memorial Medical Center in Nueces County until September 18, 1983. Upon leaving the hospital, appellant was transferred to San Patricio County Jail, where he was confined for the next 124 days. He was indicted by a Nueces County grand jury on September 16, 1983 (Day 22).[1] On September 20, 1983, the State filed its written announcement of ready (Day 26) on the Nueces County indictment. On January 17, 1984 (Day 145), appellant pled guilty and was sentenced to forty-five years in the Texas Department of Corrections on the San Patricio indictment. On January 20, 1984 (Day 148), the application for Bench Warrant was filed, and appellant was returned to Nueces County to stand trial. On February 10, 1984, appellant was arraigned in Nueces County. The case was called for trial, and the State announced ready on February 17, 1984. On March 29, 1984, appellant pled guilty to aggravated robbery in Nueces County. The appellant contends that the State was not ready because the appellant was absent from Nueces County when the State filed its announcement of ready and during the subsequent 120 days. The State contends that they were ready at all times after their written announcement of ready; and, although appellant was not physically present in Nueces County, the circumstances of his detention were such that he could have been returned to Nueces County when his arraignment date and trial date were set. We disagree with the State's contention that they were ready at all times as contemplated by the Act. However, we find certain periods of time excludable under the law.

TEX.CODE CRIM.PROC.ANN. article 32A.02 (Vernon Supp.1984) provides, in pertinent part:

Sec. 1. A Court shall grant a motion to set aside an indictment ... if the state is not ready for trial within:

(1) 120 days of the commencement of criminal action if the defendant is accused of a felony;

\* \* \* \* \* \*

Sec. 2(a) Except as provided in Subsections (b) and (c) of this section, a criminal action commences for purposes of this article when an indictment ... or complaint against the defendant is filed in court.

\* \* \* \* \* \*

Sec. 4. In computing the time by which the state must be ready for trial, the following periods shall be excluded:

(1) A reasonable period of delay resulting from other proceedings involving the defendant, including but not limited to proceedings for the determination of competence to stand trial, hearing on pretrial motions, appeals and trials on other charges;

\* \* \* \* \* \*

(9) a period of delay resulting from detention of the defendant in another jurisdiction if the State is aware of the detention and exercises due diligence to obtain his presence for trial; ...

An announcement of ready by the State constitutes a prima facie showing that the State has complied with the requirements of the Speedy Trial Act. *Phipps v. State,* 630 S.W.2d 942, 947 (Tex. Crim.App.1982). This may be rebutted by a showing that appellant was absent during the time in which the State claimed to be ready. *Newton v. State,* 641 S.W.2d 530

---

1. The State conceded at the hearing to set aside the indictment for failure to comply with the Speedy Trial Act that the date on which time began to run under the Speedy Trial Act was August 25, 1983, the date of appellant's arrest in San Patricio County.

748

(Tex.Crim.App.1982). The absence of the defendant is a circumstance that prevents the State from being ready as contemplated by the Speedy Trial Act. *Newton v. State,* 641 S.W.2d at 531. Once the prima facie showing of readiness has been rebutted, the State must prove that there were excludable periods of delay that would extend the initial time limitation. *Phipps v. State,* 630 S.W.2d at 947. The relevant excludable periods are contained in subsections (1) and (9) of section 4 of TEX.CODE CRIM.PROC.ANN. art. 32A.02. Section 4(1) of art. 32A.02 is couched in terms of reasonableness when looking at a period of delay, while § 4(9) requires the prosecutor to use due diligence to obtain the presence of the defendant for trial.

■ The determination of "reasonable delay" is made on a case by case basis. *Parish v. State,* 632 S.W.2d 200 (Tex.App. —Ft. Worth 1982, no p.d.r.); *Turner v. State,* 545 S.W.2d 133 (Tex.Crim.App.1976). To determine whether the delay was reasonable under the facts of this case, we consider such factors as: the proximity of San Patricio and Nueces Counties, the proximity of time in which the two offenses were committed, the ability of the prosecutor in Nueces County to obtain the accused for trial and the speed with which appellant was returned to Nueces County after he had been convicted in San Patricio County.

■ The record reflects that appellant was not brought to Nueces County until after the 120-day period had run. He was not tried in Nueces County until 217 days after his arrest. He was detained in another jurisdiction from September 19, 1983 until January 20, 1984, when he was bench warranted to Nueces County. A total of 124 days passed from the time appellant was returned to Nueces County from San Patricio County. Appellant committed two crimes in adjacent counties on the same day. The appellant was bench warranted back to Nueces County immediately upon his guilty plea in San Patricio County. The period of delay resulting from appellant awaiting trial in San Patricio County was, therefore, a reasonable period. As such,

we exclude the period of detention of the appellant while in the jurisdiction of San Patricio County. TEX.CODE CRIM.PROC. ANN. art. 32A.02 § 4(1) & (9) (Vernon Supp.1984).

Appellant's ground of error is overruled, and the judgment of the trial court is affirmed.