**Mateo SALAS, Jr., Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–84–0011–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

Nov. 29, 1984.

Rehearing Denied Dec. 20, 1984.

Michael P. Fosher, Houston, for appellant.

John B. Holmes, Jr., Harris County Dist. Atty., Roe Morris, John Kyles, Harris County Asst. Dist. Attys., Houston, for appellee.

Before WARREN, COHEN and LEVY, JJ.

## OPINION

WARREN, Justice.

After a plea of not guilty to the court, appellant was found guilty of aggravated robbery and his punishment was assessed at 50 years confinement. Prior to trial, the court conducted an extensive hearing to inquire into the merits of appellant's motion to suppress identification testimony and his motion to set aside the indictment for failure to provide him with a speedy trial. These motions were overruled. Trial to the court was on stipulated evidence which included a stipulation that witnesses appearing at the pre-trial hearing would offer the same testimony at a trial on the merits.

The pre-trial testimony showed that appellant entered and robbed the Commonwealth Savings on September 15, 1982. After leaving the establishment, he attempted to commandeer a car driven by Anna Purkey and shot her as she drove away. Appellant then stopped a car driven by Nugent Myrick, took control of it, and drove with Myrick to the east side of Houston, approximately a 30 minute trip. Purkey, Myrick, Ralph Morris, and Richard Stonely, loan officers for Commonwealth Savings, all identified appellant as the robber. Purkey, Morris, and Stonely each stated that this identification was based upon their recollection of the events of the robbery and not upon pre-trial identification procedures.

■ Appellant brings three grounds of error. The first contends that there is insufficient evidence to support the conviction. He complains specifically that, because the witnesses testified that the robber was wearing a cap and sunglasses, their testimony proved that they had an insufficient view of the robber to establish his identity beyond a reasonable doubt. These facts do not preclude appellant's identification. We find the state's identification testimony was sufficient to prove this element of their case. *E.g.*, *Moore v. State*, 446 S.W.2d 877 (Tex.Crim.App.1969). Appellant's first ground is overruled.

■ Appellant's second ground contends that the court erred in overruling his motion to suppress his in-court identification. He directs our attention to evidence of numerous incidents which allegedly tainted the witnesses' identification testimony and rendered it inadmissible. We find this complaint is without merit. Richard Stonely, the most emphatic of the several witnesses, was not involved in any of the pre-trial identification procedures which appellant contends were prejudicial. Furthermore, Stonely, Morris, and Purkey testified that their identification of appellant was based on their recollection of the robbery and not upon pre-trial identification procedures. We find sufficient indicia of the reliability of the in-court identification to overcome any suggestiveness in the pre-trial identification procedures. *See Manson v. Brathwaite*, 432 U.S. 98, 97 S.Ct. 2243, 53 L.Ed.2d 140 (1977); *Munguia v. State*, 603 S.W.2d 876 (Tex.Crim.App.1980); *Green v. State*, 488 S.W.2d 805 (Tex.Crim.App.1972). Appellant's second ground is overruled.

Appellant's third ground of error claims that the court erred in denying his motion to dismiss the case for failure to afford him a speedy trial. The dates and occurrences pertinent to this ground of error are as follows:

September 15, 1982—Commonwealth Savings robbed.

September 16, 1982—Appellant indicted for 3 counts of aggravated robbery.

September 17, 1982—Warrant issued for appellant's arrest.

January 16, 1983—Appellant arrested in New York.

January 17, 1983—State sent a detainer to New York.

March 26, 1983—Appellant returned to Houston by federal authorities and placed in the Harris County Rehabilitation Center as a federal prisoner.

April 6, 1983—State filed a detainer with the U.S. Marshall's office.

April 18, 1983—U.S. District Judge James DeAnda, by docket entry, ordered federal prosecution deferred and appellant released to the state. (There

is no evidence that this order was communicated to the state authorities.)

June 30, 1983—Investigator from Harris County District Attorney's office made personal inquiry of federal authorities concerning Judge DeAnda's order of April 18th. On same date, Judge De-Anda signed a written order transferring appellant to state authorities.

October 13, 1983—Appellant brought into state court for the first time; state announced ready; pre-trial motions heard.

October 20, 1983—Appellant, after a plea of not guilty, found guilty by the court.

Appellant's complaint looks to Tex.Code Crim.P.Ann. art. 32A.02 (Vernon 1981) (the Speedy Trial Act). It provides in pertinent part:

Sec. 1. A court shall grant a motion to set aside an indictment ... if the state is not ready for trial within:

(1) 120 days of the commencement of a criminal action if the defendant is accused of a felony;

. . . .

Sec. 2. (a) Except as provided in Subsections (b) and (c) of this section, a criminal action commences for purposes of this article when an indictment ... or complaint against the defendant is filed in court....

. . . .

Sec. 4. In computing the time by which the state must be ready for trial, the following periods shall be excluded:

(1) a reasonable period of delay resulting from other proceedings involving the defendant, including but not limited to proceedings for the determination of competence to stand trial, hearing on pretrial motions, appeals, and trials of other charges;

. . . .

(9) a period of delay resulting from detention of the defendant in another jurisdiction, if the state is aware of the detention and exercises due diligence to obtain his presence for trial ....

The state's announcement of readiness within the prescribed period constitutes a prima facie showing that it has complied with the requirements of the Speedy Trial Act. *Phipps v. State,* 630 S.W.2d 942, 947 (Tex.Crim.App.1982). This prima facie showing is rebutted by proof that the defendant was absent during the time in which the state claimed to be ready. *Newton v. State,* 641 S.W.2d 530 (Tex. Crim.App.1982). The absence of the defendant is a circumstance that prevents the state from being ready as contemplated by the Speedy Trial Act. *Id.* Once the prima facie showing of readiness is rebutted, the state must prove that there were excludable periods of delay that bring its handling of the case within the statutory time limitation. *Pate v. State,* 592 S.W.2d 620 (Tex. Crim.App.1980). Appellant concedes that the period from September 16, 1982, to March 26, 1983, is excludable from this calculation, but contends that none of the 196 days from March 26, 1983, until October 13, 1983, are excludable, and that the state was therefore not ready for trial within 120 days as the Act requires.

There is no evidence that the state made any inquiry about the status of appellant's federal proceeding or made any efforts to obtain his custody from April 6, 1983, to June 30, 1983. The question presented is thus whether, after filing its detainer with the United States, the state was required to make additional efforts to obtain appellant's presence in state court during that two and one half month period in order to prove due diligence under the Act. In deciding this question, we note that the Speedy Trial Act creates significant cost and logistics problems for the state when a defendant is charged with offenses in different jurisdictions. The Texas courts have generally been unsympathetic to these difficulties. *See Ybarbo v. State,* 659 S.W.2d 898 (Tex.App.—San Antonio 1983, no pet.); *Taylor v. State,* 666 S.W.2d 157 (Tex.App.—Houston [14th Dist] 1983, pet. ref'd); *Flores v. State,* 647 S.W.2d 363 (Tex.App.—Corpus Christi 1982, no pet.) Cases reversing the trial court's finding of due diligence in procuring the defendant's

presence have not indicated the standard for the review of the trial court's determination. They also offer little guidance regarding what a reasonable delay is, given the practical difficulties inherent in satisfying this burden.

 We find *Parish v. State*, 632 S.W.2d 200 (Tex.App.—Fort Worth 1982, no pet.) similar to the instant case. In *Parish*, the court held that a three-month delay by the Tarrant County District Attorney in securing the presence of a defendant held in the Dallas County jail and awaiting trial in Dallas county was not unreasonable. As in *Parish*, the delay in the instant case provided a reasonable period of time for another law enforcement entity to prosecute its case. We find that the period from April 6th until June 30th is excludable from the 120 day period within which the state was required to be ready for trial and that the Act's requirements were satisfied. This period constituted both a reasonable delay resulting from other proceedings involving the defendant, and a period of delay resulting from defendant's detention in another jurisdiction when the state was aware of the detention and exercised due diligence to obtain his presence at trial. Tex.Code Crim.P.Ann. art. 32A.02, sec. 4(1), (9) (Vernon Supp.1984). Appellant's third ground of error is overruled.

The judgment of the trial court is affirmed.