**Loren Lee SCHMELTER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–84–0688–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

June 6, 1985.

Kristine C. Woldy, Houston, for appellant.

John B. Holmes, Jr., Harris County Dist. Atty., William J. Delmore, III and Robert Loper, Harris County Asst. Dist. Attys., Houston, for appellee.

Before EVANS, C.J., and HOYT and DUNN, JJ.

HOYT, Justice.

Appellant pleaded guilty to the offense of robbery and the court assessed punishment at seven years confinement.

In his sole ground of error, appellant contends that the trial court erred in overruling his motion to dismiss the indictment for failure to provide a speedy trial. He specifically argues that the state failed to exercise due diligence in obtaining his presence. We affirm.

At the hearing on the appellant's speedy trial motion, the parties introduced a joint stipulation of evidence outlining the events that occurred from the date the complaint was filed to the date of appellant's first court appearance. The motion was overruled.

The stipulation included the following facts: on April 4, 1983, a complaint was filed in Harris County against the appellant in this cause; on April 7, the appellant was arrested in Montgomery County on an unrelated burglary charge; on April 12, the Harris County Sheriff's office sent a letter of detainer to the Montgomery County Sheriff's office; on May 19, the appellant was indicted in Harris County in this cause; on July 29, he was convicted in the Montgomery County burglary offense and sentenced to five years imprisonment; on August 2, he was delivered to the Texas Department of Corrections (TDC); on August 26, the Harris County Sheriff's office sent a letter of detainer to TDC; on November 4, the Harris County trial court signed a bench warrant for the appellant; on No-

vember 17, he was transferred to the Harris County jail; on November 18, the appellant made his first appearance in court in this cause and was provided a court-appointed attorney.

The appellant contends that his absence from the county from April 4 through November 7, effectively rebuts the state's prima facie showing of ready, and that the state's lack of efforts to secure his presence for trial precludes exclusion of this time as an exception. On the other hand, the state argues that the period from April 7 through July 29 is excludable and requires no showing of due diligence. It contends that if that period is excluded as a reasonable period of delay, the state's announcement that it had been ready since November 18 is timely.

 Tex.Code Crim.P.Ann. art. 32A.02 (Vernon Supp.1985) provides in pertinent part:

Section 1. A court shall grant a motion to set aside an indictment, information, or complaint if the state is not ready for trial within:

(1) 120 days of the commencement of a criminal action if the defendant is accused of a felony;

. . . .

Sec. 4. In computing the time by which the state must be ready for trial, the following periods shall be excluded:

(1) a reasonable period of delay resulting from other proceedings involving the defendant, including but not limited to proceedings for the determination of competence to stand trial, hearing on pretrial motions, appeals, and trials of other charges;

. . . .

A defendant accused of a felony offense is entitled to be tried within 120 days of the commencement of a criminal action, *Parish v. State*, 632 S.W.2d 200 (Tex.App.—Fort Worth 1982, no pet.); however, a defendant's absence prevents the state from being ready as contemplated by the Speedy Trial Act. *Newton v. State*, 641 S.W.2d 530 (Tex.Crim.App.1982). Under these circumstances the state may prove that there were excludable periods of delay which brought the case within the statutory time limit. *Phipps v. State*, 630 S.W.2d 942 (Tex.Crim.App.1982).

A reasonable period of delay resulting from other proceedings involving the defendant, including trial on other charges, may be excluded in computing the time by which the state must be ready for trial. Tex.Code Crim.P.Ann. art. 32A.02, sec. 4(1). A "reasonable delay" is determined on a case by case basis. *Turner v. State*, 545 S.W.2d 133 (Tex.Crim.App.1976); *Slaughter v. State*, 683 S.W.2d 746 (Tex.App.—Corpus Christi 1984, no pet.).

A showing of "reasonable delay", not due diligence, is required under sec. 4(1). We find that the delay from April 7 to July 29 was a reasonable period of delay since the appellant was detained in a different county pending trial on different charges. *See Slaughter*, 683 S.W.2d at 748; *Salas v. State*, 682 S.W.2d 414, 418 (Tex.App.—Houston [1st Dist.] 1984, no pet.); *Parish*, 632 S.W.2d at 202. Therefore, the trial court did not err in overruling the appellant's motion to dismiss for failure to provide a speedy trial.

Appellant's ground of error is overruled and the judgment is affirmed.