**Ex parte James Hoyt POWELL.**

**No. 69487.**

Court of Criminal Appeals of Texas, En Banc.

Oct. 2, 1985.

Rehearing Denied Dec. 18, 1985.

James Hoyt Powell pro se.

Herbert B. Hancock, Dist. Atty. and Martha P. Sullivan, Asst. Dist. Atty., Nacogdoches, Robert Huttash, State's Atty., Austin, for the State.

## OPINION

CAMPBELL, Judge.

This is an application for a post-conviction writ of habeas corpus. See Art. 11.07, V.A.C.C.P. Applicant pled guilty to four felony offenses (aggravated robbery, attempted capital murder, and two felony theft cases) with the understanding that he could appeal the denial of his pre-trial motion to dismiss the indictments, alleging a violation of the Speedy Trial Act, Art. 32A.02, V.A.C.C.P. His convictions in our Cause Nos. 64,530 through 64,533 were affirmed in an unpublished per curiam opinion delivered July 25, 1980. The panel opinion held that applicant's guilty pleas waived his right to appeal his speedy trial claim.

■ This Court has recently held in *Martin v. State*, 652 S.W.2d 777 (Tex.Cr.App. 1983) that rights claimed under the Speedy Trial Act are not lost nor waived by a subsequent guilty plea, overruling *Ramirez v. State*, 590 S.W.2d 509 (Tex.Cr. App.1979); *Luna v. State*, 602 S.W.2d 267 (Tex.Cr.App.1980); and *Flores v. State*, 606 S.W.2d 859 (Tex.Cr.App.1980). Accordingly, we deny applicant's request for relief in the form of a plea withdrawal, but we grant his underlying request for plenary appellate review of his speedy trial contention. See *Ex parte Hilliard*, 687 S.W.2d

316 (Tex.Cr.App.1985). We will treat the merits of his speedy trial claim on the basis of the record in his original appeal, Cause Numbers 64,530 through 64,533.

Applicant was indicted on October 19, 1978. On November 28, 1978, applicant was arrested by the FBI on numerous outstanding federal warrants including two bank robberies. At the time of applicant's arrest applicant was sought by federal authorities in Arkansas, Georgia, and Missouri. Nacogdoches County authorities were advised that applicant would be unavailable until the disposition of federal charges. Nacogdoches County authorities placed a detainer on the applicant in November and continued to attempt to gain custody through numerous telephone calls to assorted federal officials. The unrebutted evidence at the hearing on applicant's motion to dismiss indicated that the last federal trial was completed on March 5, 1979. On February 2, 1979, Nacogdoches County placed a detainer pursuant to the Interstate Agreement on Detainers Act. See Art. 51.-14, V.A.C.C.P. Nacogdoches County authorities were informed that the processing of the interstate request would be delayed due to a backlog in paper work. However, applicant was actually returned to Nacogdoches County before the paper work was finally processed.

■ The State filed an announcement of ready on May 11, 1979. Applicant filed his motion to dismiss on May 17, 1979. The State's announcement of ready came 203 days after the indictment and therefore beyond the 120 day limitation. The burden is therefore on the State to prove that certain times are excludable under § 4 of Art. 32A.02, supra. *Pate v. State*, 592 S.W.2d 620 (Tex.Cr.App.1980). This the State has done.

■ We find that the time period from applicant's original indictment until March 3, 1979, the date when all his federal charges were finally disposed of, is excludable under § 4(1) of Art. 32A.02, supra.

When that period of 138 days is excluded, the State's announcement of ready falls well within the 120 day limitation period provided in the Speedy Trial Act.

From October 19, 1978, the day of the filing of the indictment, to the day of the applicant's arrest on other federal charges on November 28, 1978, it is undisputed that the applicant was a fugitive and his whereabouts unknown to authorities. Under § 4(4) of the Speedy Trial Act, "a period of delay resulting from the unavailability of the defendant whose location is unknown and he is attempting to avoid apprehension or prosecution, or the State has been unable to determine his location by due diligence" is excluded. The record is clear that applicant had been tried *in absentia* in 1976 on federal bank robbery charges and from that time, to the time of his arrest, he committed other bank robberies throughout the United States and was a fugitive. Thus, the time from State indictment to federal arrest, 48 days, is excludable. See *Phipps v. State,* 630 S.W.2d 942, 947 (Tex. Cr.App.1982).

■ The evidence is also uncontradicted that the Nacogdoches County District Attorney's office immediately inquired as to when applicant would be made available by federal authorities and was advised that numerous federal charges would have to be disposed of before federal authorities would relinquish custody. Applicant's last federal trial occurred March 5, 1979. Thus the time from his arrest on November 28, 1978, to March 5, 1979, 97 days, is excludable under both § 4(1) which excludes "a reasonable period of delay resulting from other proceedings involving the defendant including ... trials of other charges," and § 4(9) which excludes "a period of delay resulting from detention of the defendant in another jurisdiction, if the State is aware of the detention and exercises due diligence to obtain his presence for trial." See *Parish v. State,* 632 S.W.2d 200 (Tex.App.—Ft. Worth 1982).

■ When the excludable time is calculated, we find the State announced ready well within the statutory time period. Applicant's motion to dismiss pursuant to Art. 32A.02, supra, was properly overruled.

The relief prayed for is denied.

TEAGUE, J., dissents.

CLINTION, Judge, dissenting.

The opinion of the Court excludes 97 days from November 28, 1978, date of arrest, to March 5, 1979, date last federal trial was completed, during which "Nacogdoches County authorities placed a detainer on appellant in November and continued to attempt to gain custody through numerous telephone calls to assorted federal officials."

In my judgment Article 32A.02, § 4(1), V.A.C.C.P. (Act) does not contemplate "a reasonable period of delay" for "proceedings" in *other* jurisdictions for the simple reason that such contingency is covered by the "unavailability" and "detention" provisions of § 4(5) and (9), respectively. Each requires exercise of due diligence by the State to obtain "presence" of defendant. *Lyles v. State,* 653 S.W.2d 775 (Tex.Cr.App. 1983) and *Newton v. State,* 641 S.W.2d 530 (Tex.Cr.App.1982).

Construing § 4(1) to exclude any period of delay "resulting from [accused's] awaiting trial" in another jurisdiction, before the State must even begin to exercise diligence to obtain his presence, as was done in, e.g., *Slaughter v. State,* 683 S.W.2d 746, 748 (Tex.App.—Corpus Christi 1984), is to flout his constitutional right to a speedy trial. *Turner v. State,* 545 S.W.2d 133, 137–138, 139 (Tex.Cr.App.1976); see also *Taylor v. State,* 666 S.W.2d 157, 160 (Tex.App.— Houston (14th) 1983) PDR refused.

The majority's construction of § 4(1) will now be appropriated by the State to justify failure to exercise due diligence, and thereby nullify demands for diligence made by § 4(5) and (9). Since under § 4(1) it excludes the period while appellant was in Federal custody, whether the State exer-

cised diligence to obtain his presence becomes irrelevant; the majority's finding under § 4(9) is superfluous.

Though redundant, the finding is that the State "exercise[d] due diligence to obtain his presence at trial" within the meaning of § 4(9) of the Act. That the authorities merely "placed a detainer on the applicant" is not exercising due diligence when an accused is in Federal custody—as is demonstrated in this very cause. Without lodging a detainer against him pursuant to Article 51.14, V.A.C.C.P., Interstate Agreement on Detainers, and should that be fruitless, without obtaining from the district court of Nacogdoches County a writ of habeas corpus *ad prosequendam* and making a good faith effort to arrange for his removal to their jurisdiction for trial, the State authorities failed to carry out their constitutional duty to bring applicant to trial. *Smith v. Hooey*, 393 U.S. 374, 89 S.Ct. 575, 21 L.Ed.2d 607 (1968).

I respectfully dissent.