**James SLAUGHTER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 021–85.**

Court of Criminal Appeals of Texas,
En Banc.

Oct. 2, 1985.

Donald B. Dailey, Jr., Corpus Christi, for appellant.

Grant Jones, Dist. Atty. and Elaine W. Stone, Asst. Dist. Atty., Corpus Christi, Robert Huttash, State's Atty., Austin, for the State.

OPINION DISSENTING TO REFUSAL OF APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

CLINTON, Judge.

The issues in this cause arise under the Texas Speedy Trial Act (Act), particularly Article 32A.02, §§ 1 and 4(1) and (9), V.A.C. C.P.

Although in Nueces County the State had announced ready and claimed continued readiness for trial within the 120 day period following arrest, the Corpus Christi Court of Appeals found that the State could not have been ready in Nueces County because during that entire period appellant was being held for trial in another jurisdiction—adjoining San Patricio County. However, while it did not find that other proceedings in San Patricio Court *caused* any delay in Nueces County, it did find the period of detention while awaiting trial in San Patricio County was excludable as an "other proceeding" within contemplation of § 4(1). Since the State obtained his presence in Nueces County three days after he had been sentenced in San Patricio County —148 days from initial arrest—the Corpus Christi Court further found both the period of delay "was, therefore, reasonable" and that the State had exercised "due diligence" in obtaining his presence in Nueces County. *Slaughter v. State*, 683 S.W.2d 746, 748 (Tex.App.—Corpus Christi 1984).

In an almost identical factual setting the Houston (14th) Court of Appeals came to diametrically opposed conclusions, reversed judgment of conviction and ordered prosecution dismissed. *Taylor v. State*, 666 S.W.2d 157 (Tex.App.—Houston (14th) 1983) PDR refused. The core of the rationale for its decision lies in the following findings:

"There is no showing by the State [in Harris County] that appellant was involved in other proceedings in Liberty County *which caused the delay* in the

trial of this case. Further, the State has failed to show that it exercised due diligence to obtain Appellant's presence for trial while he was incarcerated in another jurisdiction."

*Id.,* at 159.[1] Therefore, if the State was relying on § 4(1), it failed to show "such delay is 'reasonable,'" and if relying on § 4(9), it failed to show "due diligence." *Id.,* at 160.

Notwithstanding obvious conflicts in reasoning and conclusions between *Taylor* and *Slaughter,* a majority of this Court declines to resolve them by refusing petition for discretionary review in the latter. *Parish v. State,* 632 S.W.2d 200 (Tex.App.— Fort Worth 1982) no PDR, also conflicts with *Taylor.* Although we have informed the bench and bar that such conflict is one reason the Court will consider in exercising its discretion to grant or refuse a petition for discretionary review, Tex.Cr.App.Rule 302(c)(1), the majority does not explain how *Slaughter* and *Parish* may be reconciled with *Taylor.*

Perhaps the majority intends that the opinion of this Court in *Ex parte Powell,* 699 S.W.2d 841, (Tex.Cr.App. delivered this day), will do the job in that at one point it invites the reader to "see" *Parish.* However, since *Parish* did not touch "due diligence" under § 4(9), and only assumed that proceedings in Dallas County "caused the delay" in Tarrant County it found "not unreasonable on the facts of this case," *Parish,* supra. at 202, the latter brings little to the task.

Accordingly, for reasons given above and in my dissenting opinion in *Powell,* supra, I protest further emasculation of the Act before the day comes when a majority will finally hold it unconstitutional.

Therefore, I dissent.

TEAGUE, J., joins.

1. Emphasis is in original opinion. All other emphasis is mine throughout unless otherwise indicated.