**Juan Mendez GUTIERREZ, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. A14–86–00805–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

April 16, 1987.

Renato Santos, Jr., Houston, for appellant.

John B. Holmes, Jr., Leslie Brock, Carol G. Davies, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and ROBERTSON and CANNON, JJ.

OPINION

ROBERTSON, Justice.

Appellant entered a plea of nolo contendere to aggravated robbery and the court assessed punishment at confinement for 25 years. The sole issue on appeal concerns the denial of appellant's motion to dismiss the indictment under the Speedy Trial Act, Tex.Code Crim.Proc.Ann. art. 32A.02 (Vernon Supp.1986). We reverse.

The chronology of events as shown by stipulated facts is:

9–26–77—robbery in question committed;

10–29–77—Houston Police were notified that appellant had been arrested in Alpine, Texas; he confessed to the robbery in question and was in custody of San Antonio Police;

11–2–77—charges filed in Harris County on the robbery in question;

11–21–77—grand jury returned indictments against appellant for this case;

11–29–77—"holds" placed on appellant by Harris County and United States Marshall;

2–6–78—Harris County District Attorney's Office determined appellant had entered a plea of guilty to charges of bank robbery in San Antonio and was awaiting sentencing in federal court;

he was subsequently sentenced to 25 years;

7–1–78—Speedy Trial Act became effective;

9–12–78—state announced ready for trial;

10–20–81—Harris County District Attorney's Office determined that appellant was incarcerated in federal penitentiary at Leavenworth, Kansas; his earliest possible parole date was 1986 and his sentence expiration date was 1994;

10–21–81—as requested, Harris County Sheriff's Office placed detainer on appellant with federal penitentiary;

7–15–86—appellant transferred from federal custody to custody of Harris County Sheriff;

7–24–86—appellant appeared in court and was declared an indigent; counsel was appointed for him and the case was reset to 8–14;

8–4–86—motion to set aside indictment for lack of speedy trial filed;

8–14–86—case reset by agreement to 9–10 for motions;

9–10–86—state announced ready for trial;

9–12–86—court overruled motion to set aside the indictment; and

9–18–86—appellant entered plea of no contest and sentenced.

The state contends the period of time that appellant was in custody in Leavenworth, Kansas, is excludable under Tex. Code Crim.Proc.Ann. art. 32A.02, § 4(9) (Vernon Supp.1986), because appellant was in detention in another jurisdiction and the state discharged its burden of showing that due diligence was used in an attempt to secure appellant's presence in Harris County. We do not agree.

Section 4(9) of the Speedy Trial Act provides that "a period of delay resulting from detention of the defendant in another jurisdiction, *if the state is aware of the detention and exercises due diligence to obtain his presence for trial*" is to be excluded in computing the time by which the state must be ready for trial.

In determining whether the state has exercised due diligence to secure the presence of a defendant detained in another jurisdiction, all relevant evidence must be considered. *Massey v. State*, 717 S.W.2d 768 (Tex.App.—Austin 1986, no pet.). Here, the only evidence of due diligence used by the state is that it caused a detainer to be placed on appellant at the federal penitentiary in October 1981. Contending this action was sufficient to show the exercise of due diligence the state cites: *Ex parte Powell*, 699 S.W.2d 841 (Tex.Crim. App.1985); *Bedford v. State*, 703 S.W.2d 775 (Tex.App.—Houston [14th Dist.] 1985, no pet.); *More v. State*, 692 S.W.2d 912 (Tex.App.—Houston [14th Dist.] 1985, pet. ref'd); *Salas v. State*, 682 S.W.2d 414 (Tex. App.—Houston [1st Dist.] 1984, pet. ref'd) and *Simonsen v. State*, 662 S.W.2d 607 (Tex.App.—Houston [14th Dist.] 1983, pet. ref'd). However, each of these cases is distinguishable on the facts.

In *Powell*, 699 S.W.2d at 841, it was shown the prosecutor did all he could reasonably do to secure the defendant's presence for trial on the state charges, but the federal authorities refused to release the defendant to the state until the numerous federal charges were disposed of. In *Bedford*, 703 S.W.2d at 775, the period of time that the defendant was in another jurisdiction was excludable because the defendant resisted extradition. In *More*, 692 S.W.2d at 912, the evidence revealed that the state had done everything conceivable to effect the return of appellant from Nevada. In *Salas*, 682 S.W.2d at 414, the question was whether, after filing its detainer with federal authorities, the state failed to exercise due diligence by failing to make further inquiry for two and one-half months. There, the court held the period of time in question was excludable because of the other proceedings against the defendant. In *Simonsen*, 662 S.W.2d at 607, three and one-half months were found to be excludable from the time computation on charges pending in Fort Bend County when the defendant had been held on pending charges in Victoria County and the evidence showed that the Fort Bend County prosecutor had attempted to get the de-

fendant returned to his jurisdiction during that period of time.

Here the prosecutor did nothing for a period of almost five years, except file a detainer with the federal penitentiary. We find this insufficient to satisfy the due diligence test. The trial court erred in failing to grant appellant's motion to set aside the indictment.

The judgment of the trial court is reversed; the indictment is dismissed and appellant is discharged under the terms of the Speedy Trial Act.